1   ALLAN STEYER (SBN: 100318)
    JESSICA GRANNIS (SBN: 240770)
2   STEYER LOWENTHAL BOODROOKAS
      ALVAREZ & SMITH LLP
3   One California Street, Suite 300
    San Francisco, California 94111
4   Tel: (415) 421-3400
    Fax: (415) 421-2234
5   jgrannis@steyerlaw.com

6
    Attorneys for Defendant Combined Management, Inc.
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
    APPLIED UNDERWRITERS, INC., a          )   CASE NO.
12  Nebraska Corporation, and APPLIED RISK )
    SERVICES, INC., a Nebraska Corporation, )  [Removed from Superior Court of
13                                          )  California San Francisco County, Case No.
          Plaintiffs,                       )  CGC07466160]
14                                          )
          vs.                               )
15                                          )  NOTICE OF REMOVAL OF ACTION
    COMBINED MANAGEMENT, INC., a            )
16  Maine Corporation, and Does 1 Through 10, ) [28 U.S.C. § 1441(b) and 1446(b)
    Inclusive,                              )  (Diversity)]
17                                          )
          Defendants.                       )
18  _____   DEMAND FOR JURY TRIAL

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER SECTIONS 1441(a) AND 1446(b)
S:\Applied\Pleadings\not.removal.wpd

1    TO THE CLERK OF THE ABOVE ENTITLED COURT:

2            Please take notice that Defendant, Combined Management, Inc., a Maine corporation,

3    hereby removes this action from the Superior Court of California, County of San Francisco, to

4    this Court, on the following grounds:

5            1.        The Defendant, Combined Management, Inc., ("Defendant") has been named as

6    a defendant in a civil action brought against it in the Superior Court of California, County of

7    San Francisco, entitled Applied Underwriters, Inc., and <u>Applied Risk Services, Inc. v.</u>

8    <u>Combined Management, Inc., and Does 1 through 10, inclusive,</u> Case Number CGC-07-466160.

9    Combined Management, Inc. was served on September 7, 2007.  This Notice of Removal is

10   filed within 30 days after service on Combined Management, Inc. as required by 28 U.S.C. §

11   1446(b).  Attached hereto as Exhibit A are copies of the Summons, Complaint, and Civil Cover

12   Sheet served on Plaintiff Combined Management, Inc.  These documents, to the best of

13   Plaintiff's knowledge, are the only papers and pleadings on file with the Superior Court in this

14   action.

15           2.        Defendant is informed and believes that Plaintiffs, Applied Underwriters, Inc.

16   and Applied Risk Services, Inc., ("Plaintiffs") were, and still are, Nebraska corporations with

17   their principle place of business in the State of Nebraska.

18           3.        Defendant, Combined Management, Inc., was, and still is, a Maine corporation

19   with its principle place of business in the State of Maine.

20           4.        This action is a civil action over which this Court has original jurisdiction

21   pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant

22   pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of

23   different states and the matter in controversy exceeds the sum of $75,000, inclusive of interest

24   and costs.  Plaintiffs allege in paragraph 6 of their Complaint that Defendant owes Plaintiffs

25   $278,901.48.  Plaintiffs allege causes of action for breach of contract, breach of implied

26   covenant of good faith and fair dealing, and unjust enrichment.

27           5.        Defendant, Combined Management, Inc., a Maine corporation, may remove this

28   entire action to this Court as a matter of right pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

-1-

6.    Written notice will be filed with the Clerk of the Superior Court of California, County of San Francisco, and with the adverse party as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Combined Management, Inc. prays that the above-captioned action be removed from the California Superior Court to this Court, and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court, and that no further or other proceedings shall be had with respect to the above-captioned case in the Superior Court of California.

Dated: October 4, 2007                    STEYER LOWENTHAL BOODROOKAS
                                          ALVAREZ & SMITH LLP

                                          By: _____
                                              Allan Steyer
                                              Jessica Grannis
                                              Attorneys for Combined Management, Inc.


                                    JURY DEMAND

Defendant Combined Management, Inc. hereby demands trial by jury.


Dated: October 4, 2007                    STEYER LOWENTHAL BOODROOKAS
                                          ALVAREZ & SMITH LLP

                                          By: _____
                                              Allan Steyer
                                              Jessica Grannis
                                              Attorneys for Combined Management, Inc.

-2-

NOTICE OF REMOVAL OF ACTION UNDER SECTIONS 1441(a) AND 1446(b)
S:\Applied\Pleadings\not.removal.wpd

EXHIBIT A

EXHIBIT K

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Combined Management, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Applied Underwriters, Inc., and Applied Risk Services, Inc.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* 466160 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael K. Perkins (Bar # 172560)
Fine, Boggs & Perkins, LLP
2450 S. Cabrillo Highway, Suite 100, Half Moon Bay, CA 94019

Phone No. (650) 712-8908
Fax No. (650) 712-1712

| DATE:<br>*(Fecha)* AUG 1 7 2007 | GORDON PARK-LI | Clerk, by KAREN LIU | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* Combined Management, Inc. |
| | under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael K. Perkins (State Bar # 172560)
Fine, Boggs & Perkins, LLP
2450 S. Cabrillo Highway, Suite 100, Half Moon Bay, CA 94019
TELEPHONE NO.: (650) 712-8908    FAX NO.: (650) 712-1712
ATTORNEY FOR (Name): Applied Underwriters, Inc. and Applied Risk Services, Inc.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
Applied Underwriters, Inc., et al. v. Combined Management, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): THREE (3)
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 13, 2007

Michael K. Perkins
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          *LexisNexis® Automated California Judicial Council Forms*

Michael K. Perkins, Esq (Bar No. 172560)
FINE, BOGGS & PERKINS LLP
2450 S. Cabrillo Hwy., Suite 100
Half Moon Bay, California 94019
Telephone: (650) 712-8908
Facsimile: (650) 712-1712

Attorneys for Plaintiffs
Applied Underwriters, Inc. and
Applied Risk Services, Inc.



ENDORSED
F I L E D
San Francisco County Superior Court

AUG 1 4 2007

GORDON PARK-LI, Clerk
BY: __CRISTINA E. BAUTISTA__
Deputy Clerk
CASE MANAGEMENT CONFERENCE SET

JAN 2 5 2008 - 9:00 AM

DEPARTMENT 212

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

APPLIED UNDERWRITERS, INC.; and
APPLIED RISK SERVICES, INC.,

        Plaintiffs,

    v.

COMBINED MANAGEMENT, INC.;
and Does 1 through 10, Inclusive,

        Defendants.

Case No. CGC-07- 466160

COMPLAINT

Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff Applied Underwriters, Inc. is a corporation licensed to do business in California. Plaintiff Applied Risk Services, Inc. is a corporation licensed to do business in California. (For purposes of this complaint, plaintiffs will be referred to collectively as "Applied"). At all times relevant to this complaint, plaintiffs were located in San Francisco County, California.

2.    Defendant Combined Management, Inc. is a corporation which did business with Applied in San Francisco, California.

COMPLAINT —

-1-

3.  Venue is proper in San Francisco County, California because the contract at issue was entered into, and performed, in San Francisco, California.

4.  Plaintiffs are currently unaware of the names and capacities of Defendants DOES 1 through 10, and will amend this complaint to state said Defendants names and capacities when such information becomes known.

## FACTUAL ALLEGATIONS

5.  At defendant Combined Management's specific request and pursuant to a written agreement, Applied provided workers compensation insurance to defendant with a profit sharing component whereby defendant would participate in profit and losses generated by the workers' compensation policies provided to defendant. (A true and accurate copy of the pertinent portions of the parties' written contract is attached hereto and incorporated herein as Exhibit "A"). Applied carried out all of its obligations under the contract.

6.  Pursuant to the terms of the parties' written contract, on January 23, 2006 Applied provided defendant with Profit Sharing Calculations reflecting a balance due and owing from defendant to Applied of $278,901.48. (A true and accurate copy of the Profit Sharing Statement is attached hereto and incorporated herein as Exhibit "B"). Applied has made written demands for the $278,901.48 from defendant, but defendant has failed and refused to pay the money owed to Applied according to the terms of the parties' contract.

## FIRST CAUSE OF ACTION
### Breach of Written Contract

7.  Plaintiffs reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 6 of this Complaint, as though set forth fully herein.

8.  Defendant's failure to comply with the terms of the written contract as set forth above was wrongful and was a material breach of the contract. Specifically, Defendant promised to pay to Applied any losses incurred through the profit sharing component in the parties' written agreement. Defendant failed and refused to comply with its promises.

9.  Plaintiffs have performed all obligations on their part under the parties' agreement. As a direct and proximate result of the foregoing breaches, Plaintiffs have been damaged in a sum

to be proven at trial, including but not limited to lost revenues, lost business opportunity, and lost interest on business opportunity, in a sum exceeding the jurisdiction of this court.

Wherefore, Plaintiffs pray for Judgment against Defendant as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

10.     Plaintiffs reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 9 of this Complaint, as though set forth fully herein

11.     All contracts contain an implied covenant of good faith and fair dealing.  As part of that implied covenant, Defendant agreed to deal with Applied in good faith, and to comply with the terms of the agreement which the parties negotiated.

12.     Applied has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of the parties' agreement.

13.     Defendant has failed to perform all conditions, covenants and promises required of it in accordance with the agreement, as set forth above.

14.     As a proximate and direct result of Defendant's wrongful conduct, Plaintiffs have been damaged in a sum to be proven at trial, including but not limited to lost revenues, lost business opportunity, and lost interest on business opportunity, in a sum exceeding the jurisdiction of this court.

Wherefore, Plaintiffs pray for Judgment against Defendant as set forth in the Prayer for Relief.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

15.     Plaintiffs reallege and incorporate herein by reference all of the allegations of paragraphs 1 through 14 of this Complaint, as though set forth fully herein.

16.     As a result of Defendant's breaches and misconduct as alleged herein, Defendant has been unjustly enriched. Said unjust enrichment was to the detriment of Plaintiffs.

17.     Defendant should be forced to give up the benefits it unjustly received, which and said sum should be paid to Plaintiffs.  This sum is at least $278,901.48.

Wherefore, Plaintiffs pray for Judgment against Defendant as set forth in the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

1.    For monetary damages according to proof, in an amount of at least $278,901.48, in an exact amount to be proven at trial;

2.    For interest at the legal rate, according to proof, including pre-judgment interest;

3.    For an order disgorging Defendant of the money and other unjust enrichment resulting to Defendant;

4.    For costs as allowed by law; and,

5.    For all further relief the court deems just and proper.

Dated: August 10, 2007                    Respectfully submitted,

                                           _____
                                           Michael K. Perkins
                                           FINE, BOGGS & PERKINS LLP

# EXHIBIT A





**HOME OFFICE**
PO Box 281900
San Francisco, CA 94128-1900

Applied Underwriters Corp

Applied Group Insurance Holdings

Commercial General Indemnity

Applied Underwriters Indemnity RAC

American Employers Group

Applied Risk Services

# PROPOSAL TRANSMITTAL

**Date:**     March 8, 2002

**To:**       Kevin Kilcoyne
              Barrow Group, LLC

**Fax:**      (770) 338-5440

**Re:**       Combined Management
              Program effective March 15, 2002

## QUOTATION # 805319 Issued by Applied Risk Services

### Terms:

- Quote includes 7.5% commission on standard premium

- Premium and fees will be billed on a direct bill basis.

- No authority is granted to issue certificates or binders.

### Instructions to Implement Program

1. The attached proposal must be presented in its original form and in its entirety.

2. The attached acceptance letter must be signed and returned.

3. Remit any deposits listed in the proposal to Coverage Dynamics Group.

4. If coverage is bound subject to stipulations listed on this proposal, that coverage will expire 30 days after the effective date of the program if those stipulations are not satisfied.

**Inquiries regarding this proposal should be directed to Carl DeBarbrie at 415-656-5000.**

**This proposal supercedes and voids any proposals previously issued.
This proposal expires on the requested coverage effective date.**

This quotation does not authorize service or bind any type of insurance coverage. Marketing representatives, agents, and brokers do not have the authority to bind coverage or enter into contracts on behalf of the company or its affiliates. Initiation of coverage is subject to final review and formal acceptance by Applied Risk Services ("Company"). Coverage will be bound only after: a proposal is issued by the Company, the acceptance letter attached to the proposal is signed and returned to the Company, the proposal is granted final approval by the Company's underwriters, and the Company issues written notice that coverage is bound.





# Insurance Facility Proposal
## Workers' Compensation Insurance

QUOTATION # 805319 Issued by Applied Risk Services

Named insureds

Combined Management, Inc. and all clients listed in the application submitted except those specifically excluded below.

Program Effective Dates

March 15, 2002 to March 15, 2003

Coverage Form

Workers' Compensation Insurance
Coverage A:    Statutory
Coverage B:    Bodily Injury by Accident        $1,000,000 Each Accident
               Bodily Injury by Disease         $1,000,000 Policy Limit
               Bodily Injury by Disease         $1,000,000 Each Employee

Coverage Extensions and Exclusions:

- All/Other States Coverage, except Monopolistic states
- Stop Gap Coverage as required
- Notice of Cancellation-30 days, 10 days for non-payment of premium (or as per state regulation)
- Statutory Mandatory Endorsements

Issuing Carrier

Combined Specialty Insurance Company (formerly Virginia Surety Company)
NAIC Company Code: 40827
1999 Surplus: $318,749,000.
1999 A.M. Best rating A+



## Program Exclusions

*Combined Management, Inc.:*
Any operations not customarily considered office clerical or sales.

*Clients of Combined Management, Inc.:*
- USL&H
- Jones Act
- FELA
- Defense Base Act Coverage except where incidental.
- Operations involved in asbestos or fiberglass abatement.
- Operations involved in aviation.
- Operations involved in mining.
- Sub-aqueous operations.
- Operations involved in gas, oil, or geothermal drilling.
- Employee leasing companies.
- Temporary help companies.
- Coordinated policies with a self-insured-retention layer of more than $10,000.

## Policy Issuance

Master and multiple coordinated policies will be issued in accordance with rules and regulations filed with state compensation rating bureaus and/or the NCCI.

All policies will be issued on a guaranteed cost or non-participating plan basis except as otherwise agreed.

## Program Structure

Risk (listed below) will be held in the Applied Underwriters Indemnity RAC captive facility.

If applicable, collateral and loss funds will be held in a trust account designated by us. Collateral required in the form of cash or letters of credit written with our standard form from a bank acceptable to us.

No new exposures may be added without our express authorization.

Electronic submission of payroll audit information is due monthly in a format to be specified by us.

## Other Terms

No authority is granted to issue certificates or binders.





## Risk Program and Administrative Fees

Standard Premium is calculated using issuing company base rates multiplied by a factor of 1.19. Estimated annual Standard Premium is $889,706 on estimated annual payroll of $18,072,151.

This program has a profit and risk-sharing component. The minimum final premium amount will be .75 of Standard Premium. The maximum final premium amount will be 1.25 of Standard Premium.

Profit sharing, if any, will be payable 18 months from inception, and adjusted annually thereafter until all claims have been paid and closed, and is calculated as follows:

- Converted losses and expenses less than .75 of Standard Premium ($667,280 based upon the estimated annual Standard Premium above) will result in the minimum premium.

- Converted losses and expenses in a range between .75 of Standard Premium and 1.25 of Standard Premium (the range would be $667,280 to $1,112,133 based upon the estimated annual Standard Premium above) will result in a final premium equivalent to the sum of converted losses and expenses.

- Converted losses and expenses greater than 1.25 of Standard Premium ($1,112,133 based upon the estimated annual Standard Premium above) will result in the maximum premium.

- Converted losses are computed by applying the loss limitation and loss conversion factors. A claims handling expense of 10.00% of incurred claims (loss conversion factor of 1.10) on the first $200,000 of each claim including ALAE.

Earned Standard Premium will be adjusted at final audit based on the total payroll reported for all applicable class codes times the adjusted insurance company base rates. The profit and risk-sharing plan will use losses based on the aggregate incurred loss value prior to the calculation date, which will be 18 months from policy inception of March 15, 2002 and adjusted annually thereafter until all claims have been paid and closed. Any return or additional payments will be made at those times using the factors noted in the profit and risk-sharing plan.

Surcharges, assessments, expense constants, and other similar charges are in addition to the above premium. Every effort has been made to include all applicable current premium surcharges. However, if a particular jurisdiction adds, removes or changes one or more surcharges, or if we inadvertently either fail to include one or more surcharges or include an incorrect surcharge, then any necessary changes will be brought to your attention as soon as possible. Since all such surcharges and assessments are regulated by the respective jurisdictions, we will follow those rules and bill you for full payment up-front of any surcharges or assessments.





## Collateral and Loss Fund

Collateral and loss fund to be paid in cash or letters of credit written with our standard form from a bank acceptable to us.

Collateral is required to secure the maximum premium amount due in the program. Collateral is based on the estimated annual payroll of $18,072,151 and will be evaluated throughout the program to keep the maximum premium fully funded.

## Billing

Estimated annual pay-in premium:          $1,112,133

Deposit due at inception:          $ 88,971

Monthly payments are due and payable on or before the 15th day of the succeeding month. The first monthly payment is due on or before April 15, 2002 and each succeeding month thereafter. Monthly payroll audit reports are required by the 7th of each month for the preceding month. Monthly payments will be adjusted monthly to the actual earned payroll and exposure.

Collateral due at inception:          $100,000 with the balance due in two fixed installments of $61,214 each due May 1, 2002 and June 1, 2002.

## Stipulations

Post inception and periodic coverage and premium audits on premises.

Execution of the following agreements no later than 30 days after the effective date of the program: Rent-a-Captive Membership Contract, Retrocession Agreement, Program Administration Agreement, Indemnity Agreement, and Collateral Agreement.

Quotation is subject to final underwriting approval for: Alternative Warehouse, ALR, Inc., C&J Trucking

**This proposal supercedes and voids any proposals previously issued.**
**This proposal expires on the requested coverage effective date.**

This quotation does not authorize service or bind any type of insurance coverage. Marketing representatives, agents, and brokers do not have the authority to bind coverage or enter into contracts on behalf of the company or its affiliates. Initiation of coverage is subject to final review and formal acceptance by Applied Risk Services ("Company"). Coverage will be bound only after: a proposal is issued by the company, the acceptance letter attached to the proposal is signed and returned to the Company, the proposal is granted final approval by the Company's underwriters, and the Company issues written notice that coverage is bound.

# EXHIBIT B



**APPLIED**
UNDERWRITERS

Combined Management
67 Minot Ave
Auburn, ME 04210

Questions? Changes? Comments?

Your account manager is:
Larry Billman

Call:
(866) 234-4414

Fax:
(402)898-2583



# Profit Sharing
# Statement

Mail:
P.O. Box 3646
Omaha, NE 68103-0646

| | | |
|---|---|---|
| Important<br>Information | ***Full Payment is Due Upon Receipt of this Statement*** | |
| | Who funds to: | |
| | Security National Bank, Omaha, NE, FBO Applied Risk Services, Acct # 10001891, ABA Routing # 10400084). | |
| | This statement is a summary only. This statement reflects the combined activity under the statutory policy(s), | |
| | and participation agreements in force under this program. | |
| | | |
| Premium | Total Program Containment Premium - Audited | 914,638.08 |
| and | | |
| Losses | Incurred Losses as of: 12/31/05 | 690,540.60 |
| | Adjustment for Per Loss Limitation | -87,327.68 |
| | Program Losses | 778,068.29 |
| | Loss Development Factor | 1.10 |
| | Expected Losses | 855,875.12 |
| | | |
| | Maximum Cost Factor | 1.25 |
| | Maximum Cost | 1,143,297.60 |
| Program | | |
| Maximum, | Minimum Cost Factor | 0.75 |
| Minimum | Minimum Cost | 685,978.56 |
| and | | |
| Expense | Expense Cost Factor | 0.55 |
| Calculation | Expense Cost | 503,050.94 |
| | | |
| | Expense Cost + Expected Losses | 1,358,926.06 |
| | | |
| | Total Program Base Cost | 1,143,297.60 |
| | | |
| | Program Base Cost as of Profit Share Calculation | 1,143,297.60 |
| | Loss Conversion (Program Losses * 10.00%) | 69,064.06 |
| Summary | Additional Fees | 0.00 |
| of | Taxes and Assessments | 1,266.80 |
| Current | Total Cost | 1,213,638.45 |
| Balance | | |
| Due | Cash Paid In as of Profit Sharing Calculation | 934,736.98 |
| | LOC on File as of Profit Sharing Calculation | 0.00 |
| | Total Paid In | 934,736.98 |
| | | |
| | **TOTAL AMOUNT DUE NOW** | 278,901.48 |

CASE NUMBER: CGC-07-4~~160  APPLIED UNDERWRITERS IN ~ et al VS. COMBINED MAN/

## NOTICE TO PLAINTIFF

A Case Management Conference is set foi

|  |  |
|---|---|
| **DATE:** | **JAN-25-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

### Superior Court of California
### County of San Francisco

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ***ADR can reduce stress.*** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- ***ADR can be more satisfying.*** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1   1/06 (bc)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant |  |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation          ☐ Mediation Services of BASF    ☐ Judicial Mediation
☐ Binding arbitration                                                              Judge _____
☐ Non-binding judicial arbitration                                          Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:      Time:      Dept:      Div.:      Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint      *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

Applied Underwriters, Inc. and Applied Risk Services

**DEFENDANTS**

Combined Management, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Nebraska

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.
Maine

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael K. Perkins; Fine Boggs & Perkins, LLP; 2450 S. Cabrillo Hwy, Ste. 100; Half Moon Bay, CA 94019

ATTORNEYS (IF KNOWN)

Allan Steyer/Jessica Grannis; Steyer Lowenthal, et al.; One California Street, Ste 300; San Francisco, CA 94111

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☒5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ Original Proceeding

☒ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐810 Selective Service |
| ☐160 Stockholders Suits | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/ Exchange |
| ☐190 Other Contract | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| ☐196 Franchise | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| | | | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | ☐870 Taxes (US Plaintiff or Defendant) | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC Section 1441(b) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND      ☐ SAN JOSE

DATE
10/4/2007

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

Applied Underwriters, Inc. and Applied Risk Services

## DEFENDANTS

Combined Management, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Nebraska

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.
Maine

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael K. Perkins; Fine Boggs & Perkins, LLP; 2450 S. Cabrillo Hwy. Ste. 100; Half Moon Bay, CA 94019

ATTORNEYS (IF KNOWN)

Allan Steyer/Jessica Grannis; Steyer Lowenthal, et al.; One California Street, Ste 300; San Francisco, CA 94111

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF

(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Satellite TV |
| Student Loans (Excl | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| Veterans) | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | | | Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus: | | Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____ ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
10/4/2007

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.