1  ALLAN STEYER (SBN: 100318)
   JESSICA GRANNIS (SBN: 240770)
2  STEYER LOWENTHAL BOODROOKAS
      ALVAREZ & SMITH LLP
3  One California Street, Suite 300
   San Francisco, California 94111
4  Tel: (415) 421-3400
   Fax: (415) 421-2234
5  jgrannis@steyerlaw.com

6
   Attorneys for Defendant Combined Management, Inc.
7

8
                  IN THE UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION
10

11

12 | APPLIED UNDERWRITERS, INC., a          ) CASE NO. C-07-5129 - BZ
     Nebraska Corporation, and APPLIED RISK )
13 | SERVICES, INC., a Nebraska Corporation, )
                                             ) DEFENDANT COMBINED
14 |           Plaintiffs,                   ) MANAGEMENT, INC.'S NOTICE OF
                                             ) MOTION AND MOTION TO DISMISS
15 |   vs.                                   ) FOR LACK OF PERSONAL
                                             ) JURISDICTION
16 | COMBINED MANAGEMENT, INC., a            )
     Maine Corporation, and Does 1 Through 10,) [Fed. R. Civ. P. 12(b)(2)]
17 | Inclusive,                              )
                                             ) Date:   December 5, 2007
18 |           Defendants.                   ) Time:   10:00 a.m.
                                             ) Dept.   Courtroom G
19 |_____)
                                               Honorable Bernard Zimmerman
20                                             United States Magistrate Judge

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P
12(b)(2)  -  CASE NO. C-07-5129 - BZ
S:\Combined Applied\Pleadings\Mtn Dismiss\Not.MTD.wpd

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2  PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 12(b)(2), on December 5, 2007, at 10:00 a.m., in Courtroom G of the above-entitled Court, located at 450 Golden Gate Avenue, 15th Floor; San Francisco, California, or as soon thereafter as this matter may be heard, defendant Combined Management, Inc. ("CMI"), a Maine corporation, will move the court to dismiss the plaintiffs Applied Underwriters, Inc. and Applied Risk Services, Inc.'s (collectively "Applied") complaint for lack of personal jurisdiction, on the grounds that CMI lacks the minimum contacts with the State of California required for this court to exercise jurisdiction within the bounds of the Fourteenth Amendment to the Constitution of the United States.

The motion will be based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, Affidavit of Robert L. Murch filed herewith and other evidence filed in support of the Motion, any reply filed by CMI, all pleadings, files and records in this action, and all other oral and documentary evidence which may be presented prior to or at the hearing on this matter.

Dated: October 10, 2007              STEYER LOWENTHAL BOODROOKAS
                                     ALVAREZ & SMITH LLP


                                     By:  /s/ Jessica Grannis
                                          Allan Steyer
                                          Jessica Grannis
                                          Attorneys for Combined Management, Inc.

ALLAN STEYER (SBN: 100318)
JESSICA GRANNIS (SBN: 240770)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

Attorneys for Defendant
Combined Management, Inc.

IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska Corporation, and APPLIED RISK SERVICES, INC., a Nebraska Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>COMBINED MANAGEMENT, INC., a Maine Corporation, and Does 1 Through 10, Inclusive,<br><br>    Defendants. | Case No. C-07-5129-BZ<br><br>DEFENDANT COMBINED MANAGEMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>Date:  December 5, 2007<br>Time:  10:00 a.m.<br>Dept.  Courtroom G<br><br>Honorable Bernard Zimmerman<br>United States Magistrate Judge |


COMES NOW the Defendant Combined Management, Inc. ("CMI") and submits this memorandum in support of its Motion to Dismiss plaintiffs Applied Underwriters, Inc. and Applied Risk Services, Inc.'s (collectively "Applied") complaint for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## I.
## FACTUAL BACKGROUND

This case arises over a financial dispute between CMI and its insurer, Applied, related to the premiums owed by CMI for CMI's worker's compensation program. CMI is a human resources company based in Maine. Affidavit of Robert L. Murch ("Murch Aff.") at ¶¶ 2, 12 (Ex. A hereto). CMI serves clients in Maine, and has never conducted any business in the State of California. *Id.* at ¶ 12. CMI has no operations in California, and none of its employees have ever been to California for any business purpose associated with the insurance policies at issue in this lawsuit. *Id.* at ¶¶ 11-12.

In 2002, CMI selected Virginia Surety Company, Inc. ("VSCI") to provide workers compensation coverage for the period of March 29, 2002 to May 2, 2003. Ex. A, Murch Aff. at ¶¶ 4-5. At the time, information supplied to CMI indicated that VSCI was based in Chicago, Illinois. *Id.* at ¶ 5. All of the negotiations with VSCI were conducted by CMI in Maine through telephone conversations and mail. *Id.* At no time did CMI leave the State of Maine to negotiate. *Id.*

There was no indication at the time CMI and VSCI started working together that CMI would be doing business with Applied or any other entity with operations in California. Rather, VSCI unilaterally designated Applied as its agent to serve as broker of CMI's policy. *Id.* at ¶ 6. Applied was licensed to serve as an insurance broker in the State of Maine by the Maine Bureau of Insurance, as was Carl DeBarbrie of Applied. *Id.* CMI negotiated with Applied in Maine via telephone and mail. *Id.* at ¶ 8.

The initial contact between Applied and CMI was a telephone call from Carl DeBarbrie of Applied to CMI. *Id.* at ¶ 7. Up until after the point at which an agreement between Applied

- 1 -

1  and CMI was reached, all substantive contacts between the parties were initiated by Applied.
2  Ex. A, Murch Aff. at ¶ 7.  No written contract was ever executed between CMI and Applied.
3  　　　　Moreover, as explained in some detail by Applied in response to CMI's motion to
4  dismiss Applied's lawsuit against CMI filed in Nebraska earlier this year, Applied is based not
5  in California, but in Nebraska, and Applied's performance of its side of the agreement between
6  CMI and Applied occurred in Nebraska.  *See* Affidavit in Opposition to Defendant's Motion to
7  Dismiss For Lack of Personal Jurisdiction ("Brown Aff.") (Ex. B hereto).  Applied caused a
8  proposal for workers' compensation coverage to be issued from its Omaha, Nebraska office to
9  CMI.  Ex. B, Brown Aff. at ¶ 4.  Applied subsequently issued policies to CMI in Nebraska.  *Id.*
10 at ¶ 5.  CMI sent premium payments to Applied in Nebraska.  *Id.* at ¶ 6.  These payments were
11 processed by Applied in Nebraska.  *Id.*  Customer service questions from CMI and its clients
12 were directed to Applied's office in Nebraska, and responded to by Applied customer service
13 representatives in Nebraska.  *Id.*  All claims from CMI and/or its clients were submitted to
14 Applied for claim processing in Omaha, Nebraska, and all claims checks were processed,
15 issued, and forwarded from Applied's Nebraska office.  *Id.*
16 　　　　For reasons unknown to CMI, Applied has sought to litigate its claims against CMI
17 anywhere other than in Maine, the obvious forum for a dispute between a Maine company and its
18 Maine-licensed insurance broker.  Applied first sued CMI in Nebraska, but CMI successfully
19 moved to dismiss on the ground that the Nebraska court did not have personal jurisdiction over
20 CMI.  Applied has now refiled its action in California, a state that has no discernable interest in a
21 dispute between a Maine company and a Maine-licensed/Nebraska based broker, over an
22 insurance policy issued by an Illinois company.  CMI submits that while Applied may sue it in
23 Maine, CMI is not subject to the jurisdiction of the California courts under the Fourteenth
24 Amendment to the United States Constitution.

DEFENDANT COMBINED MANAGEMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
S:\Combined Applied\Pleadings\Mtn Dismiss\Memo Mtn.Dismiss.wpd

## II.
## PROCEDURAL BACKGROUND

On August 17, 2007, Applied filed an action against CMI in the Superior Court of California, County of San Francisco. On October 5, 2007, CMI removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. The motion now before the court is CMI's first substantive filing in this Court.

## III.
## ARGUMENT

A.  The Due Process Requirement for Personal Jurisdiction

The California "long-arm statute" extends the jurisdiction of California courts to the limits permitted under the U.S. Constitution. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); Cal. Code Civ. Pro. § 410.10. Thus the question on a motion to dismiss for lack of personal jurisdiction is whether or not the exercise of the court's jurisdiction comports with the requirements of due process. "Constitutional due process concerns are satisfied where a nonresident defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *Unocal*, 248 F.3d at 923 (internal quotation marks omitted).

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id.* at 922; *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). In evaluating a motion to dismiss for lack of personal jurisdiction, "uncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T*, 94 F.3d at 588 (internal quotation marks omitted). The court is not, however, required to credit conclusory allegations made in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 756 (9th Cir. 1994) (affirming district court decision granting motion to dismiss for failure to state a claim because, *inter alia*, "[a]lthough [plaintiff] alleges in conclusory fashion that [defendant organization] is a place of public

- 3 -

accommodation, he fails to allege sufficient facts to support that conclusion."); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (courts are not required to "credit conclusory allegations" in ruling on motion to dismiss for lack of personal jurisdiction); *Mass. School of Law v. American Bar Assoc.*, 142 F.3d 26, 34 (1st Cir. 1998) (same).

There are two ways for a plaintiff to establish jurisdiction over a defendant. If the defendant's contacts with the forum are "continuous and systematic," it may be subject to general jurisdiction in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). General jurisdiction extends to claims that are unrelated to the defendant's contacts with the forum. *See id.* at 414-16. Nothing in the Complaint even hints that CMI is subject to the general jurisdiction of the California courts.

In the absence of continuous and systematic contacts sufficient to establish general jurisdiction, a plaintiff may establish *specific jurisdiction* over a defendant to litigate claims that arise out of the defendant's contacts with the forum. There are three requirements for a showing of specific jurisdiction. *Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). First, the defendant must "purposefully avail" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* (internal quotation marks omitted). Second, the claim must arise out of or result from the defendant's forum-related activities. *Id.* Third, the exercise of jurisdiction must be reasonable. *Id.* Of decisive importance here is the first requirement for specific jurisdiction, which is that there must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.'" *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). CMI submits that Applied cannot establish the first requirement for personal jurisdiction, because CMI never purposefully availed itself of the privilege of doing business in California.

- 4 -

B.   The Purposeful Availment Requirement Is Not Met

The jurisdictional allegations against CMI in the Complaint are highly conclusory. According to the Complaint, CMI "did business with Applied in San Francisco, California," and "the contract at issue was entered into, and performed, in San Francisco, California." Complaint ¶¶ 2-3. CMI submits that these conclusory allegations are insufficient to meet Applied's burden to establish personal jurisdiction over CMI. *Clegg*, 18 F.3d at 756; *Panda*, 253 F.3d at 869. The reason the jurisdictional allegations in the Complaint are so sparse is straightforward: CMI has done nothing to purposefully avail itself of the privilege of doing business in California. Applied points to an agreement between itself and CMI that was negotiated between CMI in Maine and Applied personnel in San Francisco. But "the existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident." *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991)(*citing Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)).  Thus, "[w]hen a California business seeks out purchasers in other states . . . [and] deals with them by out-of-state agents or by interstate mail and telephone, it is not entitled to force the customer to come to California to defend an action on the contract." *Roth*, 942 F.2d at 621-22 (internal quotation marks omitted).  "[B]oth this court [the Ninth Circuit] and the courts of California have concluded that ordinarily 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" *Id.* at 622 (*quoting Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)).

Here, CMI negotiated with Applied in Maine; its contacts with Applied personnel who happened to be located in California were limited to telephone and mail. Ex. A, Murch Aff. at ¶¶ 8, 11-12. Moreover, up until after the point at which an agreement between Applied and CMI was reached, all substantive contacts between the parties were *initiated by Applied*, which "sought out" CMI in Maine. *Id.* at ¶ 7. Under *Roth*, this is simply not sufficient to meet the purposeful availment requirement for personal jurisdiction.  942 F.2d at 621-22.

- 5 -

CMI never engaged a California entity to provide its insurance; it contacted VSCI, based in Chicago. On its own initiative, and without consulting CMI, VSCI retained Applied to serve as broker on the account. Ex. A, Murch Aff. at ¶ 6. Applied listed a California address on some of its correspondence, but was licensed to serve as an insurance broker in Maine, and CMI negotiated with Applied in Maine. *Id.* at ¶¶ 6, 8. By definition, the decision of VSCI to use Applied as a broker was not a "purposeful" action on the part of CMI. Wherever Applied may have elected to conduct its affairs, CMI itself directed no purposeful activity at California. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816-817 (9th Cir. 1988))("[A] *plaintiff's* performance in California cannot give jurisdiction over . . . a nonresident defendant; it is a defendant's activity that must provide the basis for jurisdiction.") (emphasis added) (brackets and internal quotation marks omitted).

If the mechanics of contract formation do not support a conclusion that the defendant purposefully availed itself of the benefits of doing business in the forum, the purposeful availment requirement may nevertheless be met if the defendant "entered into a relationship that 'envisioned continuing and wide-reaching contacts with [the plaintiff] in [the forum state].'" *Roth*, 942 F.2d at 622 (*quoting Burger King*, 471 U.S. at 480). In *Roth*, purposeful availment was found where "the contract concerned a film, most of the work for which would have been performed in California," including "all of the editing, production work, and advertising . . . ." *Id.* at 622. The Court explained: "This is not an instance where the contract was a one-shot deal that was merely negotiated and signed by one party in the forum; on the contrary, most of the future of the contract would have centered on the forum." *Id.*

Here, in clear contrast to the situation in *Roth*, the agreement between CMI and Applied was a "one-shot deal," for one year (March 29, 2002 to May 2, 2003). Ex. A, Murch Aff. at ¶ 5. No ongoing relationship beyond the one-year policy period was created. Indeed, no written contract was ever executed by the parties, even for the one-year policy period. In further contrast to *Roth*, the "future of the contract" was not "centered on" California. VSCI (based in Illinois) provided insurance to CMI in Maine. *Id..* at ¶¶ 4-5. The policy was issued by Applied,

- 6 -

acting as broker, in Omaha, Nebraska. Ex. B, Brown Aff. at ¶ 5. CMI sent premium payments to Applied in Omaha, Nebraska. *Id.* at ¶ 6. These payments were processed by Applied in Nebraska. *Id.* Customer service questions from CMI and its clients were directed to Applied's office in Nebraska, and responded to by Applied customer service representatives in Nebraska. Ex. B, Brown Aff. at ¶ 6. All claims from CMI and/or its clients were submitted to Applied for processing in Nebraska, and all claims checks were processed, issued, and forwarded from Applied's Nebraska office. *Id.* In sum, the relationship was centered in Maine, with some ties to Nebraska; it has next to nothing to do with California.

C.   The Reasonableness Requirement Is Not Met

Even if the Court were somehow to conclude that CMI had purposefully availed itself of the benefits of doing business in California, personal jurisdiction over CMI would still be lacking under the "reasonableness" requirement, the third prong of the due process analysis. *American Nat. Red Cross*, 112 F.3d at 1051. "In determining whether the exercise of jurisdiction comports with 'fair play and substantial justice,' and is therefore 'reasonable,'" this Court must consider seven factors: "(1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002). The first factor has been discussed *supra*.

The second factor – the burden on CMI of defending in the forum – weighs against a finding that jurisdiction would be reasonable, as CMI is a Maine company that has had only the tangential contacts with California described above, and would be burdened if forced to defend this lawsuit thousands of miles from its home. The third and fourth factors – extent of conflict with the sovereignty of Maine, and Maine's interest in adjudicating the dispute – also weigh against jurisdiction in California, as Maine has a far more substantial interest than does

- 7 -

California in a contractual relationship between a Maine company and a Nebraska-based entity that is licensed to serve as an insurance broker in Maine. The sixth and seventh factors also weigh against jurisdiction, as Applied, being licensed to serve as an insurance broker in Maine, is presumably ready and able to litigate if necessary in Maine – the obvious alternative forum for the adjudication of this dispute. See *Dole,* 303 F.3d at 1114.

In sum, because the Ninth Circuit's seven-factor reasonableness test weighs against finding that this Court's exercise of jurisdiction over CMI would be reasonable and consistent with fair play and substantial justice, CMI's motion to dismiss should be granted.

## IV.
## CONCLUSION

For the foregoing reasons, CMI's Motion to Dismiss for Lack of Personal Jurisdiction should be granted.

Dated: October 10, 2007

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP


By:  /s/ Jessica Grannis
Allan Steyer
Jessica Grannis
Attorneys for Combined Management, Inc.

- 8 -

DEFENDANT COMBINED MANAGEMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
S:\Combined Applied\Pleadings\Mtn Dismiss\Memo.Mtn.Dismiss.wpd