**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., and APPLIED RISK SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> COMBINED MANAGEMENT, INC., and Does 1 Through 10, Inclusive <br><br> Defendants. | CASE NO. _____ <br><br><br> **AFFIDAVIT OF ROBERT L. MURCH** |

I, Robert L. Murch, hereby depose and say under oath:

1. I am the President of Combined Management, Inc. ("CMI").

2. CMI is an outsourced human resource company.

3. In my capacity as President of CMI, I oversaw the procurement of workers compensation coverage for fiscal years 2002 and 2003, including the selection of and negotiation with the relevant coverage provider.

4. At the time I procured said workers compensation coverage, Virginia Surety Company, Inc. ("VSCI") was one of the insurance carriers registered with the Maine Bureau of Insurance to sell workers compensation insurance in the State of Maine.

5. Due to a variety of business-related factors, CMI decided to select VSCI to provide said coverage to CMI and its client employees on a master policy basis for the policy period of March 29, 2002 through May 2, 2003. It was my understanding at the time that VSCI was a Chicago, Illinois based company that was doing business in the State of Maine. I conducted all of these negotiations in Maine, by telephone and/or via mail. At no time did I travel to VSCI to discuss these issues.

1

1267379.1

6. On or around the time CMI selected this coverage, I was informed that Applied Risk Services, Inc. ("Applied") would be the producer a/k/a broker of the aforementioned policy as the agent for VSCI. At the time, Applied was registered with the Maine Bureau of Insurance to sell workers compensation insurance in the State of Maine on behalf of various insurance carriers, as was Carl DeBarbrie of Applied.

7. The initial contact between Applied and CMI was a telephone call from Carl DeBarbrie of Applied to CMI. Up until after the point at which an agreement between Applied and CMI was reached, all substantive contacts between the parties were initiated by Applied.

8. Prior to the commencement of coverage, Carl DeBarbrie of Applied provided CMI with a proposal illustrating how premiums were to be paid and calculated. CMI agreed to the premium and calculation method proposed by Applied, on behalf of VSCI. However, no written agreement was executed by the parties. I conducted all of these negotiations in Maine, by telephone and/or via mail. At no time did I travel to Applied to discuss these issues.

9. During the coverage period CMI paid the agreed upon monthly premium on a timely basis. The relationship between CMI and Applied terminated when the one-year coverage period ended.

10. Approximately six months after the coverage period ended, Applied – as part of a carrier agent's standard operating procedure in the industry – retained the services of a premium audit company to audit the payroll and premium paid by CMI. The results of the audit were that CMI had correctly reported payrolls and remitted the proper amount of premium during the coverage period.

11. No CMI employee or representative has ever been to California for any business purpose associated with procuring workers compensation insurance for the coverage period referenced in this affidavit, or for any related reason. CMI's contacts with California were limited to

2

1267379.1

communications by telephone and by mail from Maine to Carl DeBarbrie and Gerry Macchello (and possibly others near the end of the policy period), who I understand operated out of San Francisco.

12. CMI is a Maine based company with Maine based clients. CMI does not regularly conduct business outside the State of Maine. Nor, to the best of my knowledge, has CMI ever conducted business in the State of California.

13. On May 1, 2003, Gerry Macchello of Applied faxed to Kevin Kilcoyne a Notice of Workers Compensation Insurance that had been sent to the Maine Workers Compensation Board on behalf of CMI. *See* Ex. 1 hereto.

Dated this 5th day of October, 2007

*[signature]*
Robert L. Murch

STATE OF MAINE
CUMBLERAND, ss.                                          October 5, 2007

Personally appeared the above-named Robert L. Murch and gave oath that the foregoing statements made by him are true and are based on his personal knowledge.

Before me,

*[signature]*
Notary Public/Attorney at Law

DEBORAH A. LaPERLE
Notary Public • State of Maine
My Commission Expires May 3, 2014

3

1267379.1

EXHIBIT 1

05/01/2003 13:31  4    5881           APPLIED10              PAGE  01



# Applied Underwriters

Home Office
5 Thomas Mellon Circle, San Francisco, CA 94134
Phone: (415)656-5000    Fax: (415)508-1771

**Gerry Macchello, Director of Underwriting**

| To: | Kevin Kilcoyne | Co: | |
|---|---|---|---|
| Fax: | 770-338-5440 | Pages: | 4 |
| Phone: | | Date: | 5/1/2003 |
| Re | | | |

Kevin

Here is the form filed today ith Lisa Batchelder at the Maine Workers Compensation Board.

Per Lisa, since this was a na      al expiration of coverage (not a mid-term cancellation) we simply need to file this form with her office and our cove   ge expiration date remains 4/29/03.

Regards.

Gerry Macchello
Applied Underwriters

## NOTICE OF WORKERS' COMPENSATION INSURANCE

STATE OF MAINE
WORKERS' COMPENSATION BOARD
27 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0027

1. NAME OF INSURER: Combined Specialty Ins. Co.    ADDRESS: 1000 Milwaukee Avenue, Glenview, IL 60025
2. UIAN (STATE TAX#) _____  FEIN (FEDERAL TAX #): 36-3186541    NCCI #: 19879
3. Complete name and address of employer as shown on policy. (Must show correct trade name or corporate name as registered with proper authority) Please use additional sheets if necessary.
   MAINE EMPLOYER NAME (DBA): COMBINED MANAGEMENT, INC.
   ADDRESS: 67 Minot Avenue, Auburn, ME 04210
4. OWNER'S NAME: Robert Murch    ADDRESS: 67 Minot Avenue, Auburn, ME 04210
5. NEW ☐    RENEWAL ☐    REINSTATEMENT ☐    ENDORSEMENT ☒    CANCELLATION ☐
6. DATE OF COVERAGE FROM: 03/29/02    TO: 03/29/03
   This coverage remains in effect in accordance with this filing until the company notifies the Maine Workers' Compensation Board that such coverage is terminated by cancellation pursuant to the provisions of the Act.
7. POLICY NUMBER: 015-00010554
8. INDIVIDUAL ☐  CO-PARTNERSHIP ☐  CORPORATION ☒  ESTATE ☐  ASSOCIATION ☐  MUNICIPALITY ☐  OTHER ☐
9. ALL LOCATIONS IN MAINE WITH COVERAGE: All locations in Maine
10. NATURE OF BUSINESS COVERED BY THIS POLICY (LIST TYPE OF BUSINESS – NO CODES): Leasing Company
11. **TERMINATION NOTICE**
    DATE OF MAILING: _____
    Please note that coverage has been terminated as of _____
    REASON: _____
    If termination occurs on policy expiration date, CANCELLATION NOTICE DOES NOT NEED to be sent to the Board
12. **REINSTATEMENT**
    DATE: _____
    This is to inform you of the withdrawal of termination notice which was to have been effective on _____
13. **ENDORSEMENT**
    EFFECTIVE DATE: 04/29/03    DATE: 05/01/03
    It is agreed that as of the effective date hereof policy is amended as follows:
    Policy Extension from 3/29/03 - 4/29/03 = Policy Number 015-00010772.

WCB-1a (5/96)