1   Michael Perkins, State Bar #172560
    FINE, BOGGS & PERKINS LLP
2   2450 South Cabrillo Highway, Suite 100
    Half Moon Bay, CA 94019
3   Telephone: (650) 712-8908

4   Attorneys for Plaintiffs

5

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  **APPLIED UNDERWRITERS, INC.;**      )   Case No.  C07-05129-BZ
    **and APPLIED RISK SERVICES,**       )
12  **INC.,**                            )   **PLAINTIFFS' REQUEST FOR**
                                         )   **JUDICIAL NOTICE IN OPPOSITION**
13              Plaintiffs,              )   **TO DEFENDANT'S MOTION TO**
                                         )   **DISMISS FOR LACK OF PERSONAL**
14          v.                           )   **JURISDICTION**
                                         )
15  **COMBINED MANAGEMENT, INC.;**       )   Date: December 5, 2007
16  **and Does 1 through 10, Inclusive,**)   Time: 10:00 a.m.
                                         )   Dept.: Courtroom G
17             Defendants.               )
                                         )   Honorable Bernard Zimmerman
18

19

20

21

22          Plaintiffs Applied Underwriters, Inc. ("AU") and Applied Risk Services, Inc. ("ARS"),

23  by and through their attorney, hereby request the court take judicial notice pursuant to Federal

24  Rule of Evidence 201 of the following facts contained in documents filed with the USDC in

25  Nebraska:

26

27

28

    **Request for Judicial Notice - Opposition to Motion to Dismiss** — Case No. C07-5129 BZ

1.    The Affidavit of Robert L. Murch in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction signed on May 30, 2007 and filed with the United States District Court, District of Nebraska, on June 4, 2007 in Case No. 8:07-cv-00206-LSC-TDT. (A true and correct copy of Murch's Affidavit dated May 30, 2007 is attached hereto as Exhibit "A"). Plaintiffs request the court take judicial notice of the facts testified to by Mr. Murch in paragraphs 3, 6 and 7 of this Affidavit. In addition, plaintiffs request the court take judicial notice of the following facts testified to in Mr. Murch's declaration: (1) On or around the time Combined Management selected the insurance coverage, Mr. Murch was informed that a San Francisco based company, Applied Risk Services, was going to be the producer and broker of the policy; (2) Prior to the commencement of the insurance coverage, Carl DeBarbrie of Applied Risk Services provided to Combined Management a proposal illustrating how premiums were to be paid and calculated. Combined Management agreed to Applied Risk's proposal. Mr. Murch conducted the negotiations with Applied Risk via telephone and email.

2.    The Supplemental Affidavit of Robert L. Murch in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction signed on June 15, 2007 and filed with the United States District Court, District of Nebraska, on June 19, 2007 in Case No. 8:07-cv-00206-LSC-TDT. (A true and correct copy of Murch's Affidavit dated June 15, 2007 is attached hereto as Exhibit "B"). Plaintiffs request the court take judicial notice of the facts and documents testified to by Mr. Murch in paragraphs 3, 4, 5, 7, 8, 9 and 10. In addition, plaintiffs request the court take judicial notice of the following facts testified to in Mr. Murch's affidavit: (1) Combined Management's primary points of contact with plaintiff Applied Risk were Carl DeBarbrie and Gerry Macchello. Mr. Murch continued to communicate with Mr. DeBarbrie and/or Mr. Macchello from the negotiation of the policy right up through Combined Management's receipt of Applied Risk's notification of non-renewal of the policy. Both Mr. DeBarbrie and Mr. Macchello were located in San Francisco, California; (2) Mr. Murch was in frequent contact with Mr. DeBarbie and Mr. Macchello in San Francisco during the policy

1   period, and he used a San Francisco phone number to communicate with them; (3) Combined

2   Management's primary source of communication prior to and during the policy period were

3   located in San Francisco, California; (4) The initial notification of coverage sent to Combined

4   Management from Applied Risk was sent from San Francisco; (5) Combined Management's

5   proof of coverage letter expressly states the insurance was brokered through Applied Risk, and

6   the letter provided a San Francisco address to contact Applied Risk; (6) Combined

7   Management wrote Applied Risk a letter regarding various coverage issues, which Combined

8   Management sent to Applied Risk in San Francisco; (7) Gerry Macchello of Applied Risk

9   wrote a letter providing notice to the Maine Compensation Board that a workers compensation

10  policy had been issued on behalf of Combined Management.  That letter came from San

11  Francisco; and, (8) Applied Risk's written notice of no-renewal of the policy to Combined

12  Management came from Applied Risk's office in San Francisco.

13

14

15

16

17                                              Respectfully submitted,

18  Dated: October 29, 2007                     *Michael Perkins*

19                                              _____
                                                Michael Perkins
20                                              FINE, BOGGS & PERKINS LLP

21                                              Attorneys for Defendants

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

|  |  |
|---|---|
| APPLIED RISK SERVICES, INC.,    ) | |
|    ) | |
| Plaintiff,    ) | **AFFIDAVIT OF ROBERT L. MURCH IN** |
|    ) | **SUPPORT OF DEFENDANT'S MOTION** |
| v.    ) | **TO DISMISS FOR LACK OF PERSONAL** |
|    ) | **JURISDICTION** |
| COMBINED MANAGEMENT, INC.,    ) | |
|    ) | |
| Defendant.    ) | |

I, Robert L. Murch, hereby depose and say under oath:

1.    I am the President of Combined Management, Inc. ("CMI").

2.    CMI is an outsourced human resource company.

3.    In my capacity as President of CMI, I oversaw the procurement of workers compensation coverage for fiscal years 2002 and 2003, including the selection of and negotiation with the relevant coverage provider.

4.    At the time I procured said workers compensation coverage, Virginia Surety Company, Inc. ("VSCI") was one of the insurance carriers registered with the Maine Bureau of Insurance to sell workers compensation insurance in the State of Maine.

5.    Due to a variety of business related factors CMI decided to select VSCI to provide said coverage to CMI and its client employees on a master policy basis for the policy period of March 29, 2002 through May 2, 2003. It was my understanding at the time that VSCI was a Chicago, Illinois based company that was doing business in the State of Maine. I conducted all of these negotiations in Maine, by telephone and/or via mail. At no time did I travel to VSCI to discuss these issues.

1

6.    On or around the time CMI selected this coverage, I was informed that a San Francisco, California based company, who was also doing business in the State of Maine, Applied Risk Services, Inc. ("ARSI"), was going to be the producer a/k/a broker of the aforementioned policy as the agent for VSCI. At the time, ARSI was one of the brokers registered with the Maine Bureau of Insurance to sell workers compensation insurance in the State of Maine on behalf of various insurance carriers.

7.    Prior to the commencement of coverage Carl DeBarbrie of ARSI provided CMI with a proposal illustrating how premiums were to be paid and calculated. CMI agreed to the premium and calculation method proposed by ARSI, on behalf of VSCI. However, no written agreement was executed by the parties. I conducted all of these negotiations in Maine, by telephone and/or via mail. At no time did I travel to ARSI to discuss these issues.

8.    During the coverage period CMI paid the agreed upon monthly premium on a timely basis.

9.    Approximately six months after the coverage period had ended, ARSI as part of a carrier agent's standard operating procedure in the industry, retained the services of a premium audit company to audit the payroll and premium paid by CMI. The results of the audit were that CMI had correctly reported payrolls and remitted the proper amount of premium during the coverage period.

10.    I have never been to Nebraska for any reason. No CMI employee or representative has been to Nebraska for any business purpose associated with procuring workers compensation insurance for the coverage period referenced in this affidavit; or any related reason.

2

11.    CMI is a Maine based company with Maine based clients. CMI does not regularly conducted business outside the State of Maine. Nor, to the best of my knowledge, has CMI ever conducted business in the State of Nebraska.


Dated this _30_ day of May, 2007

_____
Robert L. Murch


STATE OF MAINE                                    May _30_, 2007
CUMBLERAND, ss.

        Personally appeared the above-named Robert L. Murch and gave oath that the foregoing statements made by him are true and are based on his personal knowledge.


                    Before me,

                    _____
                    Notary Public/Attorney-at-Law


                            MARJORIE D. FORRESTER
                            Notary Public, Maine
                    My Commission Expires February 23, 2014

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

APPLIED RISK SERVICES, INC.,          )
                                      )
Plaintiff,                            )
                                      )     SUPPLEMENTAL AFFIDAVIT OF
                                      )     ROBERT L. MURCH IN SUPPORT OF
v.                                    )     DEFENDANT'S MOTION TO DISMISS
                                      )     FOR LACK OF PERSONAL
COMBINED MANAGEMENT, INC.,            )     JURISDICTION
                                      )
Defendant.                            )

I, Robert L. Murch, hereby depose and say under oath:

1.      I am the President of Combined Management, Inc. ("CMI").

2.      I have reviewed Applied Risk Services, Inc.'s ("ARS") Opposition to CMI's

Motion to Dismiss for Lack of Personal Jurisdiction and the supporting affidavit of Todd Brown

which states or suggests that CMI knowingly engaged in business with ARS in the State of

Nebraska when it procured workers compensation insurance from Virginia Surety Company, Inc.

("VSCI") for the policy period of March 29, 2002 through May 2, 2003; that CMI was aware

that ARS's main office is/was in Omaha, Nebraska; and that CMI's sole source of

communication prior to and during the coverage period were with representatives in Omaha,

Nebraska. These assertions are simply not true.

3.      As the primary negotiator for CMI for the above referenced policy, my only

points of contact from ARS prior to and immediately after procuring coverage were Carl

DeBarbrie and Gerry Macchello. While it is possible there were other points of contact near the

end of the policy period, CMI and I continued to communicate with Mr. Debarbrie and/or Mr.

Macchello right up through CMI's receipt of the notification of non-renewal by ARS. Both

1

1237133.1

individuals were located in San Francisco, California. I was in frequent contact with both individuals during this time period and I used a greater San Francisco based phone number of (415) 656-5000 to contact them. (I believe this is still an active phone number because I called this number today and a woman answered the telephone and said: "Applied Underwriters how may I direct your call.") At no time prior to the end of the policy period do I recall communicating with anyone from ARS in the State of Nebraska.

4.    The written documentation in CMI's files reinforce my understanding and belief that CMI did not engage with a Nebraska based company when it procured workers compensation insurance from VSCI for the policy period of March 29, 2002 through May 2, 2003; that CMI had no knowledge that ARS's main office was in Omaha, Nebraska; and that CMI's primary source of communication prior to and during the policy period were located in San Francisco, California as opposed to Omaha, Nebraska.

5.    First, the initial notification of coverage sent to CMI indicated the ARS was the producer a/k/a broker of this VSCI policy and listed its address as: "P.O. Box 281900, San Francisco, CA 94128-1900". (Exhibit 1 – Insurance Binder dated March 29, 2002).

6.    Second, VSCI's notification of coverage letter to NCCI, Inc. was sent from a Chicago, Illinois address. (Exhibit 2 – VSCI to NCCI letter date June 27, 2002)

7.    Third, CMI's proof of coverage letter sent to the State of Maine on April 1, 2002 expressly states that CMI's workers compensation coverage was brokered through ARS and provides the following information about who to contact from ARS to obtain more information:

> Carl DeBarbrie
> Applied Underwriters
> P.O. Box 281900
> San Francisco, CA 94128-1900
> Tel: (415) 656-5000
> Fax: (415) 508-0375

2

Email: cdebarbrie@applieduw.com

(Exhibit 3- CMI to ARS letter dated April 1, 2002)

8.      Fourth, on or around April 25, 2003 CMI wrote a letter to ARS regarding various

coverage issues sent to the following addressee:

> Gerry Macchello
> Applied Underwriters
> 5 Thomas Mellon Circle
> Suite 365
> San Francisco, CA 94134

(Exhibit 4 – CMI to ARS letter dated April 25, 2003)

9.      Fifth, on May 1, 2003 Gerry Maccello of ARS wrote a letter from the company's

"home office" in San Francisco to Kevin Kilcoyne enclosing a Notice of Workers Compensation

Insurance that had been sent to the Maine Compensation Board on behalf of CMI. The return

address on the fax letter is as follows:

> Applied Underwriters
> *Home Office*
> 5 Thomas Mellon Circle
> San Francisco, CA 94134
> Tel: (415) 656-5000
> Fax: (415) 508-1771
> Gerry Macchello
> Director of Underwriting

(Exhibit 5 – ARS to MWCB Fax dated May 1, 2003).

10.     Sixth, on or around March 29, 2003, CMI received an envelope and notification

of non-renewal of CMI's workers compensation policy from ARS. The return address on the

envelope identifies ARS's "home office" as being located in San Francisco; and the notification

3

of non-renewal indicates ARS's broker address is: P.O. Box 281900, San Francisco, CA 94128-1900. (Exhibit 6 – Notification of Non-Renewal dates March 29, 2003).

11.    Seventh, sometime toward the end of the coverage period ARS sent a draft contract (which was never signed) for review by CMI. According to the first paragraph on the first page of the proposed agreement, ARS was/is an Hawaiin, as opposed to a Nebraskan corporation. (Exhibit 7 – First Page of proposed but unsigned ARS contract).

4

Dated this 15th day of June, 2007

_____
Robert L. Murch

STATE OF MAINE                                    June 15TH, 2007
CUMBLERAND, ss.

    Personally appeared the above-named Robert L. Murch and gave oath that the foregoing statements made by him are true and are based on his personal knowledge.

Before me,

_____
Notary Public/Attorney-at-Law

TIMOTHY J. BRYANT
Notary Public, Maine
My Commission Expires July 8, 2013

1237133.1

## ACORD. INSURANCE BINDER

DATE: 3-29-02

THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.

| PRODUCER | PHONE (A/C, No, Ext): (415) 656-5000 | COMPANY | | BINDER # |
|---|---|---|---|---|
| Applied Risk Services, Inc.<br>P O Box 281900<br>San Francisco, CA 94128-1900 | | Virginia Surety Co., Inc. | | |

| | EFFECTIVE | | | EXPIRATION | |
|---|---|---|---|---|---|
| | DATE | TIME | | DATE | TIME |
| | 3-29-02 | ☐ AM<br>☒ PM | | 6-29-02 | ☒ 12:01 AM<br>☐ NOON |

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY PER EXPIRING POLICY #:

| CODE: | SUB CODE: |
|---|---|
| AGENCY CUSTOMER ID: | |

DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location)

INSURED

Combined Management, Inc.
67 Minot Avenue
Auburn, ME 04210

### COVERAGES

LIMITS

| TYPE OF INSURANCE | COVERAGE/FORMS | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|
| **PROPERTY**  CAUSES OF LOSS | | | | |
|  ☐ BASIC  ☐ BROAD  ☐ SPEC | | | | |
| **GENERAL LIABILITY** | | EACH OCCURRENCE | | $ |
|  ☐ COMMERCIAL GENERAL LIABILITY | | FIRE DAMAGE (Any one fire) | | $ |
|  ☐ CLAIMS MADE  ☐ OCCUR | | MED EXP (Any one person) | | $ |
| | | PERSONAL & ADV INJURY | | $ |
| | | GENERAL AGGREGATE | | $ |
| | RETRO DATE FOR CLAIMS MADE: | PRODUCTS - COMP/OP AGG | | $ |
| **AUTOMOBILE LIABILITY** | | COMBINED SINGLE LIMIT | | $ |
|  ☐ ANY AUTO | | BODILY INJURY (Per person) | | $ |
|  ☐ ALL OWNED AUTOS | | BODILY INJURY (Per accident) | | $ |
|  ☐ SCHEDULED AUTOS | | PROPERTY DAMAGE | | $ |
|  ☐ HIRED AUTOS | | MEDICAL PAYMENTS | | $ |
|  ☐ NON-OWNED AUTOS | | PERSONAL INJURY PROT | | $ |
| | | UNINSURED MOTORIST | | $ |
| **AUTO PHYSICAL DAMAGE** DEDUCTIBLE  ☐ ALL VEHICLES  ☐ SCHEDULED VEHICLES | | ACTUAL CASH VALUE | | |
|  ☐ COLLISION: | | STATED AMOUNT | | $ |
|  ☐ OTHER THAN COL: | | OTHER | | |
| **GARAGE LIABILITY** | | AUTO ONLY - EA ACCIDENT | | $ |
|  ☐ ANY AUTO | | OTHER THAN AUTO ONLY: | | |
| | | EACH ACCIDENT | | $ |
| | | AGGREGATE | | $ |
| **EXCESS LIABILITY** | | EACH OCCURRENCE | | $ |
|  ☐ UMBRELLA FORM | | AGGREGATE | | $ |
|  ☐ OTHER THAN UMBRELLA FORM  RETRO DATE FOR CLAIMS MADE: | | SELF-INSURED RETENTION | | $ |
| **WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY** | Policy # 015-00010554 | ☒ WC STATUTORY LIMITS | | |
| | | E.L EACH ACCIDENT | | $1,000,000 |
| | | E.L DISEASE - EA EMPLOYEE | | $1,000,000 |
| | | E.L DISEASE - POLICY LIMIT | | $1,000,000 |
| **SPECIAL CONDITIONS/ OTHER COVERAGES** | | FEES | | |
| | | TAXES | | $ |
| | | ESTIMATED TOTAL PREMIUM | | $ |

### NAME & ADDRESS

Combined Management, Inc.
67 Minot Avenue
Auburn, ME 04210

☐ MORTGAGEE    ☐ ADDITIONAL INSURED
☐ LOSS PAYEE
LOAN #

AUTHORIZED REPRESENTATIVE

ACORD 75-S (1/98)    NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    © ACORD CORPORATION 1993

EXHIBIT

# Combined Management, Inc.

67 Minot Avenue
Auburn, Maine, 04210

Tel: 207-782-8246
Fax: 207-783-1532

## *** FAX COVER SHEET ***

Date: _4-1-02_

To: _FRANK KIMBALL_          Fax: _624-8599_

Company:_____     Phone:_____

From: _ROBERT MURCH_          Re: _W/C PROGRAM_

Pages Including cover:___3_____

Comments:_____

_____OUR PROGRAM IS THROUGH:_____

_____CARL DeBARBRIE_____

_____APPLIED UNDERWRITERS_____

_____P.O. BOX 281900_____
_____SAN FRANCISCO, CA 94128-1900_____
_____TEL: (415) 656-5000    EXT 2315_____
_____FAX: (415) 508-0375_____
_____E-MAIL: cdebarbrie@appliedunw.com_____

This communication is intended only for the use of the addressee and may contain
information that is privileged, confidential and exempt from disclosure under applicable
law. If the recipient is anyone other than the addressee or the employee or agent of the
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If this communication is received in
error, please notify the sender by telephone (collect) at the above number and return
the original communication and all copies thereof in recipients possession to the sender
at the above address by U.S. Mail (C.O.D.) Thank you.

If you have any trouble receiving this fax, Please call us.

THANK YOU FOR YOUR HELP

EXHIBIT

2

*Virginia Surety Co., Inc./Combined Specialty Insurance Company*
*222 West Jackson Blvd., Suite 1100*
*Chicago, Illinois 60604*
*Phone: 312/381-9500 • Fax: 312/381-9900*



VIRGINIA
SURETY
COMPANY, INC.

June 27, 2002

NCCI, Inc.
c/o ACS
1084 S. Laurel Rd.
London, KY 40741

**Insured:    Combined Management, Inc.**
**Policy No.: 015-00010554**
**Re:          New Policy**

To Whom It May Concern:

Please find enclosed a copy of a new workers compensation policy, issued by Virginia
Surety Company, Inc., for an insured in the state(s) of Maine.

The insured listed is Combined Management, Inc. Please note the Schedule of
Endorsements on the Information page. As additional endorsements are added or
deleted, I will forward a monthly update.

If there are any questions or concerns, please feel free to call me at 312-381-9558.

Respectfully yours,

Robert L. Macha
Statistician

**EXHIBIT**
tabbies
3



**COMBINED MANAGEMENT INC.**
67 Minot Avenue
Auburn, Maine 04210

Phone (207) 782-8246
Fax (207) 783-1532

April 25th, 2003

Gerry Macchello
Applied Underwriters
5 Thomas Mellon Circle
Suite 365
San Francisco, CA 94134

Re: Combined Management, Inc.

Dear Gerry:

We hope you are doing well.

First of all, we would like to personally thank you for granting the extension for Combined Management, Inc., we greatly appreciate it. We are also very thankful for the high level of service your office always provides.

We are in the process of placing coverage for Combined Management's remaining clients through Maine Employer's Mutual Insurance Company (MEMIC). This is the market of last resort for Maine firms.

In checking with the Maine Workers' Compensation Board, no Notice of Non-Renewal has been forwarded to the Board. This was checked by MEMIC, which requires formal notice be provided to the Maine Workers' Compensation Board, prior to issuance of any policies by their office.

Under the Maine Workers' Compensation Act of 1992, Chapter 9, Section 403, Paragraph 1, the following is as such (please note bold and underlined area).

**1. Insuring under workers' compensation insurance policy.** The employer may comply with this section by insuring and keeping insured the payment of such compensation and other benefits under a workers' compensation insurance policy. The insurance company shall file with the board notice, in the form required by the board, of the issuance of any workers' compensation policy to an employer. **The insurance may not be cancelled within the time limited in such policy for its expiration until at least 30 days after the insurance company mails to the board and to the employer a notice of the cancellation of the insurance.** In the event that the employer has obtained a workers' compensation policy from another insurance company, or has otherwise secured compensation as provided in this section, and such insurance or other security becomes effective prior to the expiration of the 30-day notice period, cancellation takes effect on

**EXHIBIT**

4

the effective date of the other insurance or on receipt of security. [1991, c. 885, Pt. A, §8 (new); §§9-11 (aff).]

Once again, until such time that formal Non-Renewal notice is sent to the Maine Workers' Compensation Board, coverage cannot be placed through Maine Employer's Mutual Insurance Company (MEMIC).

In as much, would you be kind enough to please contact Combined Specialty Insurance Company, and have them forward official Notice of Non Renewal to the Maine Workers' Compensation Board.

Under the Maine Workers' Compensation Act of 1992, Chapter 9, Section 403, Paragraph 1, coverage will continue until 30 days after the insurance company mails to the board. Please also have Combined Specialty Insurance resend proper notice to Combined Management as well.

We will endeavor to follow up with the Maine Workers' Compensation Board, to insure that proper notice was sent, so we may continue the process of coverage placement with MEMIC.

I have been informed that a good contact at the Maine Workers' Compensation Board is Lisa Batchelder, and their number is (207) 287 – 3751. Addresses are as follows:

Central Office:       AMHI Complex, Deering Building, Augusta, Maine 04333
Mailing Address:   27 State House Station, Augusta, Maine 04333-0027

A copy of Maine Workers' Compensation Act of 1992, Chapter 9, Section 403, Paragraph 1 is attached for your review. Thanks.

If you should have any questions, please do not hesitate to call me at (800) 874 - 4798. Gerry, thanks again and have a great day.

Sincerely,

Kevin Kilcoyne, Account Executive          Robert Murch, President
Barrow Group, LLC                                 Combined Management, Inc.

06.01.2003  13:31    4.  3801771



# Applied
# Underwriters

Home Office
5 Thomas Mellon Circle, San Francisco, CA 94134
Phone: (415)656-5000    Fax: (415)508-1771

**Gerry Macchello,  Director of Underwriting**

| To: | Kevin Kilcoyne | Co: | |
|---|---|---|---|
| Fax: | 770-338-5440 | Pages: | 4 |
| Phone: | | Date: | 5/1/2003 |
| Re | | | |

Kevin:

Here is the form filed today   th Lisa Batchelder at the Maine Workers Compensation Board.

Per Lisa, since this was a na   al expiration of coverage (not a mid-term cancellation) we simply need to file this form
with her office and our cove   ge expiration date remains  4/29/03.

Regards,

Gerry Macchello
Applied Underwriters

**EXHIBIT**

5

## NOTICE OF WORKERS' COMPENSATION INSURANCE

**STATE OF MAINE
WORKERS' COMPENSATION BOARD
27 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0027**

1. NAME OF INSURER: Combined Specialty Ins Co    ADDRESS: 1000 Milwaukee Avenue, Glenview, IL 60025
2. UTAN (STATE TAX#
3. FEIN (FEDERAL TAX #):36-3186541    NCCI #: 19839

Complete name and address of employer as shown on policy. (Must show correct trade name or corporate name as registered with proper authority) Please use additional sheets if necessary.

MAINE EMPLOYER NAME (DBA): COMBINED MANAGEMENT, INC.
ADDRESS: 67 Minot Avenue, Auburn, ME 04210

4. OWNER'S NAME: Robert Murch    ADDRESS: 67 Minot Avenue, Auburn, ME 04210

5. NEW    RENEWAL    REINSTATEMENT    ENDORSEMENT [X]    CANCELLATION

6. DATE OF COVERAGE FROM: 03/29/02    TO: 03/29/03
This coverage remains in effect in accordance with this filing until the company notifies the Maine Workers' Compensation Board that such coverage is terminated by cancellation pursuant to the provisions of the Act.

7. POLICY NUMBER: 015-00010554

8. INDIVIDUAL   CO-PARTNERSHIP   CORPORATION [X]   ESTATE   ASSOCIATION   MUNICIPALITY   OTHER

9. ALL LOCATIONS IN MAINE WITH COVERAGE: All locations in Maine
10. NATURE OF BUSINESS COVERED BY THIS POLICY (LIST TYPE OF BUSINESS – NO CODES): Leasing Company

11. TERMINATION NOTICE    DATE OF MAILING: _____
Please note that coverage has been terminated as of _____
REASON: _____
If termination occurs on policy expiration date, CANCELLATION NOTICE DOES NOT NEED to be sent to the Board

12. REINSTATEMENT    DATE: _____
This is to inform you of the withdrawal of termination notice which was to have been effective on _____

13. ENDORSEMENT    DATE: 05/01/03
EFFECTIVE DATE: 09/03
It is agreed that as of the effective date hereof policy is amended as follows:
Policy Extension from 3/29/03    4/29/03 – Policy Number 015-00010772.

WCB-1a (5/96)

**Applied Underwriters**
HOME OFFICE
P.O. Box 265900
San Francisco, CA 94126-1099
RETURN SERVICE REQUESTED

CERTIFIED MAIL

7002 1000 0004 6727 7773

Return Receipt Requested

Robert Murch
Combined Management, Inc.
67 Minot Avenue
Auburn, ME 04210

042104493₂ 05

EXHIBIT

6

## NOTICE OF NONRENEWAL OF WORKERS' COMPENSATION INSURANCE

| | |
|---|---|
| **NAME AND ADDRESS OF INSURANCE COMPANY**<br>Combined Specialty Insurance Company, Inc.<br>175 West Jackson Boulevard, Ste. 1100<br><br>Chicago          IL          60604 | **KIND OF POLICY:**<br>Workers Compensation<br>**POLICY/APPLICATION/BINDER NO.:** 015-00010554<br>**EFFECTIVE DATE OF NOTICE:**<br>03/29/03                    12:00 am<br>(DATE)          (HOUR-STANDARD TIME AT THE ADDRESS OF THE INSURED)<br>**DATE OF MAILING:** 01/29/03 |
| **NAME AND ADDRESS OF INSURED**<br>Combined Management, Inc.<br>67 Minot Avenue<br><br>Auburn          ME          04210 | **NAME AND ADDRESS OF AGENT/BROKER:**<br>Applied Risk Services, Inc.<br>P O Box 281900<br><br>San Francisco          CA          94128-1900 |

**(Applicable item(s) marked "X")**

**Nonrenewal**

[ ] You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that the above mentioned policy will expire effective at and from the hour and date mentioned above and the policy will NOT be renewed.

See the "Important Notices" section for other information that may apply.

[X] You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that the above mentioned policy will expire effective at and from the hour and date mentioned above and the policy will NOT be renewed for the reason(s) stated in the "Important Notices" section.

See the "Important Notices" section for other information that may apply.

**Important Notices**

[X] Reason(s) for nonrenewal (reason(s) stated only if above marked item indicates such):

Does not meet underwriting requirements.

[ ] Replacement Insurance Information: If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through the organization designated below. For further information, please contact your agent or broker or the following organization:

_____
Authorized Representative

INSURED'S COPY

Page 1 of 1

(E)GU 6907NR (Ed. 11-98)  UNIFORM INFORMATION SERVICES, INC. © 1998

## COMMERCIAL GENERAL INDEMNITY, INC.
### RETROCESSION AGREEMENT

THIS AGREEMENT is made and entered into by and between COMMERCIAL GENERAL INDEMNITY, INC., an Hawaiian Corporation, (hereinafter called the "Retrocedent") of the one part, and SEGREGATED PROTECTED CELL NO. ____ OF APPLIED UNDERWRITERS INDEMNITY RAC, LTD., an Hawaiian Corporation, (hereinafter called the "Retrocessionaire") of the other part.

WHEREAS, the Retrocedent reinsures the Virginia Surety Company, Inc. (hereinafter called the "Original Reinsured") under a Reinsurance Agreement called the Quota Share Reinsurance Agreement (hereinafter called the "Underlying Treaty") having an original inception date of January 1, 2001 in respect to new and renewal business written and classified by the Original Reinsured as Workers Compensation (including Occupational Disease and Cumulative Trauma) and Employers' Liability; and

WHEREAS, the Underlying Treaty is deemed to form an integral part of this Agreement, a copy of which is retained in the office of the Retrocessionaire; and

WHEREAS, the Retrocedent desires to reinsure a portion of its 100% participation in the Underlying Treaty, segregated by individual underwriting cells beginning with Series 1 and continuing thereafter in chronological order, the parties hereto, in consideration of the mutual covenants hereinafter contained, agree as follows:

### ARTICLE I
### COVERAGE

This Agreement will follow in all respects the same interpretations, terms, conditions, waivers, modifications and alterations as the Underlying Treaty reinsured hereunder and any amendments added thereto. The Retrocessionaire agrees to follow the Retrocedent in all matters pertaining to the Underlying Treaty subject to the provisions and limitations hereinafter contained. Nothing herein will in any manner create, or be construed to create, any obligations or establish any rights against any party to this Agreement in favor of any third parties or any persons not parties to this Agreement, except as provided in the Insolvency Article.

- 1 -

# SPECIMEN

THIS SPECIMEN AGREEMENT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS AGREEMENT IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.

EXHIBIT 7