Michael Perkins, State Bar #172560
FINE, BOGGS & PERKINS LLP
2450 South Cabrillo Highway, Suite 100
Half Moon Bay, CA 94019
Telephone:  (650) 712-8908

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APPLIED UNDERWRITERS, INC.;** and **APPLIED RISK SERVICES, INC.**, <br><br>Plaintiffs,<br><br>v.<br><br>**COMBINED MANAGEMENT, INC.;** and **Does 1 through 10, Inclusive,**<br><br>Defendants. | Case No.  C07-05129-BZ <br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: December 5, 2007<br>Time: 10:00 a.m.<br>Dept.: Courtroom G<br><br>Honorable Bernard Zimmerman |

Plaintiffs Applied Underwriters, Inc. ("AU") and Applied Risk Services, Inc. ("ARS") hereby submit this Opposition to defendant Combined Management's motion to dismiss for lack of personal jurisdiction.

*P&A - Opposition to Motion to Dismiss* — Case No. C07-5129 BZ

**INTRODUCTION**

Plaintiff Combined Management has not been entirely forthcoming with the court in its moving papers concerning its contacts with the State of California.  The President of Combined Management, Robert Murch, testified in two separate declarations filed in the Federal Court in Nebraska about his purposeful and repeated contact with plaintiffs in California in connection with the contract and insurance policies at issue in this action.[1]  Mr. Murch testified that he was informed at the outset that a San Francisco based company, plaintiff ARS, was the producer and broker of the insurance policy at issue in this action.  Mr. Murch described in his declarations how ARS's representatives in San Francisco provided to him proposals regarding the policies, how he conducted negotiations with ARS representatives in San Francisco regarding the policies, and how he had regular contact with plaintiffs in San Francisco throughout the performance of the contract at issue in this action.

Mr. Murch testified that he was "in frequent contact" with ARS in San Francisco throughout the time period the insurance policies were in place. He also confirmed that his primary source of communications prior to and during the policy period were located in San Francisco. Mr. Murch spends several pages of his declaration describing the repeated and continuous contacts he had with plaintiffs in San Francisco throughout the parties' business relationship.

Based upon Combined Management's own sworn admissions to another federal court, its assertions here that it had very little contact with California are not credible. This court has limited or specific jurisdiction over Combined Management in this case.  Combined Management, through its President, testified that it purposefully directed its business activities toward residents of California and established contacts with California. Further, the causes of

---

[1] Combined Management's Declarations filed with the USDC in Nebraska are attached to plaintiffs' Request for Judicial Notice, which is filed herewith.

P&A - Opposition to Motion to Dismiss — Case No. C07-5129 BZ                                              Page 1

action in plaintiffs' Complaint in this action arise out of and result from Combined Management's contact with California. Finally, exercising personal jurisdiction over Combined Management in this matter is reasonable, and comports with fair play and substantial justice in light of its repeated contacts with this State.

This court has personal jurisdiction over Combined Management for purposes of this action. The motion to dismiss for lack of personal jurisdiction should be denied.

## LAW AND ARGUMENT

**A.  This Court Has Limited or Specific Jurisdiction Over Defendant Combined Management; the Motion to Dismiss for Lack of Personal Jurisdiction Should Be Denied.**

Under the limited or specific jurisdiction rules, a non-resident defendant is subject to personal jurisdiction in California on claims related to its activities or contacts in California. Burger King v. Rudzewicz (1985) 471 US 462, 447-478. The factors for showing limited jurisdiction are the following: (1) the out of state defendant purposefully directed activities toward residents of the forum state or otherwise established contacts with the forum state; (2) plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and, (3) the exercise of personal jurisdiction is reasonable. Id.

The Ninth Circuit follows a flexible approach that allows personal jurisdiction without meeting each of the above factors, particularly where, as here, considerations of reasonableness dictate. Ochoa v. J.B. Martin & Sons Farms, Inc. (9th Cir. 2002) 287 F. 3rd 1182, 1188, fn. 2.

Here, each of the elements for limited personal jurisdiction are satisfied such that this court has jurisdiction over Combined Management in this matter.

**1.  Combined Management Purposefully Directed Its Activities Toward California Residents and Established Contacts with California.**

To show limited personal jurisdiction, the non-resident defendant must have purposefully directed its activities at forum residents, or purposefully conducted business activities within the forum state. Hanson v. Denckla (1958) 357 US 235, 253-254. When a

party purposefully directs its activities into the forum State, personal jurisdiction is presumed to be reasonable. See, Burger King, supra, 471 U.S. at 477. The defendant must present a compelling case that jurisdiction would be unreasonable, which is required to overcome this presumption. Id. The court in Roth v. Garcia Marquez (9th Cir. 1991) 942 F. 2nd 617, 625, explained:

> Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable*. To rebut that presumption, a defendant 'must present a *compelling* case' that the exercise of jurisdiction would, in fact, be unreasonable.

(Emphasis in original).

Where, as here, contracting parties have a continuing relationship that contemplates contractual performance to occur in California, the defendant has "purposefully availed" itself of the benefits of California state law, and the defendant is subject to personal jurisdiction in California. In Roth, supra, 942 F. 2nd at 623, the court held there was personal jurisdiction over non-residents who negotiated a contract with a California resident, and were aware that much of the contract would be performed in California.  In Roth, a movie producer in California sued a non-resident author in California for breach of contract. Even though the movie producer had reached out to the defendant in a foreign country to negotiate an agreement, and the film was to be made in a foreign country, the court found the non-resident defendant "purposefully availed" the benefits of conducting business in California because much of the contract would be performed in California (editing, production, etc.). The court held the subject of the contract "would have continuing and extensive involvement with the forum." Roth, supra, 942 F. 2nd at p. 623.

The Roth case is analogous to the present matter. Combined Management was fully aware that the contract at issue was negotiated in California, and much of the performance would occur in California.  Combined Management's President, Mr. Murch, testified in his declarations submitted to the USDC in Nebraska that he conducted the negotiations for the

terms of the parties' contract with plaintiff ARS in San Francisco. (Affidavit of Robert Murch in Support of Motion to Dismiss dated May 30, 2007 ["May 30 Murch Affidavit"], ¶7. [See, Plaintiffs' Request for Judicial Notice, Ex. "A"]). Mr. Murch confirmed that Combined Management was informed that plaintiff ARS, who was in San Francisco, would be the broker and producer of the insurance policy issued to defendant through ARS. (May 30 Murch Affidavit, ¶6).

In his second affidavit to the USDC in Nebraska, Mr. Murch testified of Combined Management's regular and repeated contacts with plaintiffs in San Francisco. (Supplemental Affidavit of Robert L. Murch in Support of Motion to Dismiss dated June 15, 2007 ["June 15 Murch Affidavit"], ¶3 through ¶10. [See, Plaintiffs' Request for Judicial Notice, Ex. "B"]). Mr. March testified: "I was in frequent contact with both individuals (employees of plaintiffs) during this time period and I used a greater San Francisco based phone number of (415) 656-5000 to contact them." (June 15 Murch Affidavit, ¶3). Mr. Murch explained, "CMI's (Combined Management, Inc.) primary source of communication prior to and during the policy period were located in San Francisco, California...." (June 15 Murch Affidavit, ¶4).

Based upon the testimony of its President, it is clear that Combined Management had purposeful and continuing contact with San Francisco throughout the negotiations and performance of the parties' contract. This is the same contract that is at issue in the Complaint filed in the present action. Combined Management had a knowing, purposeful and continuing relationship with plaintiffs in California. The "purposeful availment" requirement for personal jurisdiction is satisfied here.

**2.    The Plaintiffs' Causes of Action Alleged in the Complaint Arise Out of and Result from Defendant's Contact with California.**

The second element for showing specific personal jurisdiction is the causes of action arise out of or are related to the non-resident's forum-related activities. The Ninth Circuit uses a "but for" test in determining this factor. Ballard v. Savage (9th Cir. 1995) 65 F. 3rd 1495,

1500. This is a broad test, and simply requires a showing that but for defendant's forum-related activities, the plaintiff would not have suffered a loss. Id.

Here, this element is satisfied. But for Combined Management's negotiations with plaintiffs in San Francisco, no contract would have been formed between the parties. (See, May 30 Murch Affidavit, ¶7; June 30 Murch Affidavit, ¶4). But for the repeated and continuous contact between Combined Management with plaintiffs in San Francisco, the performance of the contract could not have occurred. (See, June 30 Murch Affidavit, ¶3-¶10). As established by Combined Management's own testimony, the contacts between plaintiffs and defendant were not isolated or attenuated. Combined Management constantly communicated with plaintiffs in San Francisco in order to perform the contract.

The causes of action in plaintiffs' Complaint arise out of Combined Management's contact with plaintiffs in San Francisco. The contract itself was negotiated in San Francisco, and much of it was performed in San Francisco. The second element of limited personal jurisdiction is met here.

### 3. Exercising Personal Jurisdiction over Combined Management Is Reasonable, and Comports with Fair Play and Substantial Justice.

To satisfy the last element required for limited personal jurisdiction, it must appear that the exercise of jurisdiction in the particular case would comport with fair play and substantial justice. Burger King, supra, 471 US at pp. 477-478. The Ninth Circuit looks to the following factors to determine reasonableness: (1) the extent of the defendant's purposeful interjection or contact with the forum state; (2) the burden on defendant to defend in the forum; (3) conflict of sovereignty with defendant's state; (4) the forum state's interest in adjudicating the claim; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Inds. AB (9th Cir. 1994) 11 F. 3rd 1482, 1486-1487.

No one factor set forth above is dispositive. Rather, the court should balance all of them. Id., 11 F. 3rd at 1488.

The balancing of these factors demonstrates that limited personal jurisdiction by this court over defendant Combined Management is appropriate in this matter. Combined Management purposefully and repeatedly contacted plaintiffs in San Francisco. The burden on defendant to defend in California is minimal, as demonstrated by the fact that defendant quickly obtained a San Francisco law firm to represent its interests. Moreover, the documents and a great number of the witnesses at issue in this case are located in San Francisco. (Declaration of Ellen Gardiner in Opposition to Defendant's Motion to Dismiss ["Gardiner Declaration"], ¶2). The individuals who negotiated the contract with Combined Management and communicated with Combined Management throughout its performance are in San Francisco. (See, May 30 Murch Affidavit, ¶7; June 30 Murch Affidavit, ¶4). Thus, it is far more convenient for the case to be tried here in San Francisco than to move the witnesses and documents to another State.

There is no conflict with the sovereignty of the State of Maine here, and because this is a private contract dispute, there is no State interest in trying the case in Maine. The most efficient place to resolve this dispute is in San Francisco since the negotiation of the contract occurred in San Francisco, the contract was performed in San Francisco, and documents relevant to the causes of action are in San Francisco. (Gardiner Declaration, ¶2). The fact that the witnesses and documents are in San Francisco supports the plaintiffs' interest in convenient and effective relief. See, Core-Vent, supra.

Finally, plaintiffs already attempted to bring this matter in another forum, the USDC in Nebraska, and Combined Management objected and claimed that it had no contact with Nebraska, but instead its contacts were in San Francisco. (See, May 30 Murch Affidavit; and June 15 Murch Affidavit, filed in the USDC in Nebraska). Plaintiffs filed the action here in San Francisco because Combined Management claimed to the USDC in Nebraska that its

contacts were made in San Francisco. The only other possible forum, Maine, is not a reasonable alternative because the majority of witnesses and documents are not located there.

### a. Combined Management's Claimed Inconvenience of Litigating in San Francisco Is Insufficient to Destroy Personal Jurisdiction.

In its moving papers, Combined Management argues that it would be very inconvenient for it to travel across the country to defend this case in San Francisco. However, the mere fact that the local forum is inconvenient for the defendant (or that some other forum is more convenient for the defendant) is not enough to defeat jurisdiction. Indeed, the Ninth Circuit has ruled that requiring the nonresident to defend locally is not unreasonable "in this era of fax machines and discount air travel." Sher v. Johnson (9th Cir. 1990) 911 F. 2nd 1357, 1365.

This analysis is particularly applicable in this case where Combined Management negotiated the contract at issue in San Francisco from its office in Maine through phone calls and emails. (See, May 30 Murch Affidavit, ¶7, which reads: "I conducted all these negotiations in Maine, by telephone and/or via email."). As Combined Management was able to negotiate and perform the contract in California via phone and email, it will not be difficult or unfair for it to defend this action with its California law firm in the same manner.

### B. Defendant Combined Management's Contact with California, and the Parties' Ongoing Business Relationship, Was Not a "One Shot Deal" as Claimed in Defendant's Moving Papers.

In a failed effort to distinguish Roth, supra, Combined Management argues that the relationship between itself and plaintiffs was a "one shot deal," seizing on that phrase used in Roth opinion. (See, Defendant's P&A, p. 6:16-23). As demonstrated by Combined Management's own declarations filed to avoid jurisdiction in Nebraska, this assertion is erroneous. The business relationship and repeated contacts between Combined Management and defendants in California is the same type of repeated contact the court in Roth relied upon to rule that it had personal jurisdiction over the non-residents.

In an effort to avoid jurisdiction in Nebraska, Combined Management filed the affidavits of its President, Mr. Murch, to establish that his activities and communications relating to the disputed contract were not in Nebraska, but instead were in San Francisco. Mr. Murch testified during the negotiations and performance of the policy: "I was in frequent contact with both individuals (employees of plaintiffs) during this time period and I used a greater San Francisco based phone number of (415) 656-5000 to contact them." (June 15 Murch Affidavit, ¶3). Mr. Murch explained, "CMI's (Combined Management) primary source of communication prior to and during the policy period were located in San Francisco, California...." (June 15 Murch Affidavit, ¶4). Mr. Murch testified at length of Combined Management's regular and repeated contacts with plaintiffs in San Francisco.(June 15 Murch Affidavit, ¶3 through ¶10).

Plaintiffs filed this action in San Francisco Superior Court precisely because Combined Management claimed its contact with plaintiffs occurred in San Francisco. First, Combined Management argued that Nebraska was not a proper forum because its contact with plaintiffs occurred in San Francisco. Now, when plaintiffs filed the action in San Francisco based upon Combined Management's testimony that it did business with plaintiffs in San Francisco, Combined Management claims that it had very little contact with plaintiffs in San Francisco. Defendant's attempt to avoid jurisdiction are invalid, and should be rejected.

///

///

///

**CONCLUSION**

Combined Management purposefully availed itself of doing business in California. Combined Management's President testified in the USDC in Nebraska of his regular and repeated contacts with plaintiffs in San Francisco. Combined Management's Motion to Dismiss for Lack of Personal Jurisdiction should be denied as the facts demonstrate this court has limited jurisdiction over the defendant for purposes of this lawsuit.

Respectfully submitted,

Dated: October 29, 2007

*Michael Perkins*
_____
Michael Perkins
FINE, BOGGS & PERKINS LLP

Attorneys for Defendants