ALLAN STEYER  (SBN: 100318)
JESSICA GRANNIS (SBN: 240770)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California  94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

Attorneys for Defendant
Combined Management, Inc.

IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska Corporation, and APPLIED RISK SERVICES, INC., a Nebraska Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>COMBINED MANAGEMENT, INC., a Maine Corporation, and Does 1 Through 10, Inclusive,<br><br>    Defendants. | Case No.  C-07-5129-BZ<br><br>DEFENDANT COMBINED MANAGEMENT, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>Date:   December 5, 2007<br>Time:  10:00 a.m.<br>Dept.   Courtroom G<br><br>Honorable Bernard Zimmerman<br>United States Magistrate Judge |

1    In response to the argument by Defendant Combined Management, Inc. ("CMI") that its
2 contacts with California are insufficient to warrant this Court's exercise of personal jurisdiction
3 over CMI, Plaintiffs Applied Underwriters, Inc. and Applied Risk Services, Inc. (together,
4 "Applied") make a series of unsupported and unpersuasive points.  CMI reminds the Court that
5 "[i]t is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." Doe
6 v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

7    **First**, Applied asserts that Robert Murch of CMI "testified in two separate declarations
8 filed in the Federal Court in Nebraska about his *purposeful and repeated contact* with plaintiffs
9 in California . . . ."  (Plaintiff's Points and Authorities in Opposition to Motion to Dismiss for
10 Lack of Personal Jurisdiction ("Opposition") at 1 (emphasis added).)  Upon closer inspection,
11 however, these "purposeful and repeated contacts" amount to the receipt by CMI of a few pieces
12 of correspondence sent into Maine by Applied's San Francisco office; a single piece of
13 correspondence sent from CMI to Applied in San Francisco; and CMI's use in Maine (on an
14 unspecified number of occasions) of Applied's San Francisco telephone number.  These limited
15 contacts, moreover, were not the result of a purposeful decision by CMI to do business with a
16 California company, but instead were the upshot of the unilateral decision by the insurer,
17 Virginia Surety Company, Inc. ("VSCI"), to retain Applied as broker on the CMI account.
18 Affidavit of Robert L. Murch, October 5, 2007 ("Murch Aff.") [Ex. A to Defendant Combined
19 Management, Inc.'s Memorandum of Points and Authorities in Support of Its Motion to Dismiss
20 for Lack of Personal Jurisdiction], at ¶ 6.  These limited and reactive contacts with California
21 are simply not enough to give this Court jurisdiction over CMI.  See Roth v. Garcia Marquez,
22 942 F.2d 617, 621 (9th Cir. 1991) ("When a California business seeks out purchasers in other
23 states . . . [and] deals with them . . . by interstate mail and telephone, it is not entitled to force
24 the customer to come to California to defend an action on the contract.") (emphasis added).

25    **Second**, Applied asserts that the Court has jurisdiction because the parties "have a
26 continuing relationship that contemplates contract performance to occur in California . . . ."
27 (Opposition at 3.)   This assertion is wrong on two counts.  First, as explained below, the

- 1 -

1   CMI-Applied relationship was for one year only; there was no "continuing relationship" beyond
2   the initial term. (Murch Aff. at ¶ 5.) Moreover, contract performance occurred not in
3   California, but in Maine and Nebraska. Although CMI was unaware of the Nebraska nexus at
4   the time it entered into the relationship with Applied, and therefore prevailed on a motion to
5   dismiss Applied's Nebraska lawsuit for lack of personal jurisdiction, most of Applied's
6   performance under the contract was rendered in Nebraska. The insurance policy was issued by
7   Applied, acting as broker, in Omaha, Nebraska. Affidavit in Opposition to Defendant's Motion
8   to Dismiss For Lack of Personal Jurisdiction ("Brown Aff.") [Ex. A to Defendant's Request for
9   Judicial Notice; Ex. B to Defendant Combined Management, Inc.'s Memorandum of Points and
10  Authorities in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction], at ¶ 5. CMI
11  sent premium payments to Applied in Nebraska; the payments were processed by Applied in
12  Nebraska; customer service questions were directed to and responded to in Nebraska; and
13  claims by CMI and its clients were submitted to and processed in Nebraska. Id. at ¶ 6.
14  Contractual performance thus occurred in Nebraska and Maine – where CMI, the insured, does
15  business – not in California.

16       It is interesting that both CMI and Applied cite the discussion in the Roth case of the
17  significance of *where a contract is performed*. CMI cites Roth because its facts present a stark
18  contrast to the facts here. In Roth, purposeful availment was found where "the contract
19  concerned a film, *most of the work for which would have been performed in California*,"
20  including "all of the editing, production work, and advertising . . . ." 942 F.2d at 622 (emphasis
21  added). Here, as just explained, most of the work was performed in Nebraska and Maine,
22  notwithstanding Applied's assertion that "much of the performance" – a reference to the limited
23  and reactive communications recounted above, which cannot possibly be construed as "most of
24  the work" under the contract – "would occur in California." (Opposition at 3.) Roth thus helps
25  CMI, not Applied.

26       **Third**, Applied argues that "[t]he burden on defendant to defend in California is
27  minimal, as demonstrated by the fact that defendant quickly obtained a San Francisco law firm

- 2 -

to represent its interests." (Opposition at 6.) CMI submits that this argument gets Applied nowhere, since CMI had no choice but to retain California counsel to avoid a default judgment. The mere fact that CMI took this essential step to avoid a default judgment under the rules of civil procedure cannot fairly be construed as evidence that CMI would not be burdened by having to defend in California. CMI is a small Maine company. It would be a substantial hardship for CMI to have to pay California counsel – on top of its Maine counsel – at rates approximately twice the market rate in Maine, to litigate this case in California. Likewise, it would be a severe burden on CMI to have to send its personnel across the country to participate in a legal proceeding inexplicably filed against it by a Maine-licensed insurance broker, first in Nebraska, and now in California.

**Fourth**, Applied suggests that "[t]he most efficient place to resolve this dispute is in San Francisco since the negotiation of the contract occurred in San Francisco, the contract was performed in San Francisco, and documents relevant to the causes of action are in San Francisco." (Opposition at 6.) This argument is flawed in several respects. CMI negotiated with Applied from its offices in Maine. (Murch Aff. at ¶ 5.) As explained supra, the contract was performed in Nebraska and in Maine, not in San Francisco. As for the "documents" located in San Francisco, it is notable that Applied gives no indication of the volume of documents in question – presumably because the relevant documents could be transported from San Francisco to Maine, at minimal cost, in an envelope. See Opposition at 7 (noting "'this era of fax machines and discount air travel'" (quoting Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990). Nor does CMI identify the witnesses who are located in San Francisco, or acknowledge that CMI's witnesses are located in Maine.

**Fifth**, Applied takes issue with CMI's characterization of the contractual relationship between the parties as a "one shot deal." (Opposition at 7-8.) But it offers no support for this argument beyond the assertion that CMI engaged in "repeated contacts" with Applied in California – which, as just explained, is incorrect. CMI submits that its relationship with

- 3 -

1  Applied was in fact a one-shot deal, lasting just one year, and out of which no ongoing
2  relationship emerged. (Murch Aff. at ¶ 5.)

3  According to Applied, CMI's "assertions here that it had very little contact with
4  California are not credible." (Opposition at 1 (emphasis added).) The issue, however, is not
5  whether CMI's assertions are "credible" – it is whether CMI's contacts with California are
6  enough for this Court to exercise jurisdiction over CMI. CMI has been forthcoming about its
7  contacts with California, both in the Nebraska case and in this case. There is nothing
8  inconsistent about CMI arguing that jurisdiction is proper neither in Nebraska nor in California,
9  and that Applied should instead litigate its claims against CMI in Maine, where it obtained a
10 license to serve as an insurance broker and proceeded to sell insurance to CMI. (Murch Aff. at
11 ¶ 6.)

12  In sum, if Applied wishes to engage in litigation against CMI, it should do so in Maine,
13 where it is licensed to sell insurance and where CMI does business. Applied sold insurance, on
14 behalf of VSCI, to CMI in Maine, to cover businesses and workers in Maine. Presumably in
15 hopes of gaining a strategic advantage over CMI and increasing the burden of litigation on this
16 small Maine company, Applied has sought to sue CMI everywhere but in Maine. CMI was not
17 subject to personal jurisdiction in Nebraska, nor is it subject to personal jurisdiction in
18 California. The proper forum for resolution of this dispute is Maine, where Applied is licensed
19 to sell insurance, where CMI does business, and where the insured businesses and workers were
20 located. Because Applied has failed to meet its burden to establish this Court's jurisdiction over
21 CMI (Doe, 248 F.3d at 922), CMI's motion to dismiss should be granted.

23  Dated: November 5, 2007            STEYER LOWENTHAL BOODROOKAS
                                       ALVAREZ & SMITH LLP

26                                     By:   /s/ Jessica Grannis
                                             Allan Steyer
27                                           Jessica Grannis
                                             Attorneys for Combined Management, Inc.

28                                          - 4 -

DEFENDANT COMBINED MANAGEMENT, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION
S:\Combined Applied\Pleadings\Mtn Dismiss\MTD.Reply.2.wpd