# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC. a Nebraska Corporation, and APPLIED RISK SERVICES, INC., a Nebraska Corporation,<br><br>    Plaintiff(s),<br><br>    v.<br><br>COMBINED MANAGEMENT, INC., a Maine Corporation, et al.,<br><br>    Defendant(s). | No. C07-5129 BZ<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Plaintiffs are insurance brokers and agents that sued defendant, alleging that defendant failed to pay worker's compensation insurance premiums.[1]  Defendant is a human resources company based in Maine.  It contacted Virginia Surety Company, Inc., an Illinois based company, and inquired about purchasing worker's compensation insurance for its

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C § 636(c) for all proceedings, including entry of final judgment.

1

# TENTATIVE RULING

employees in Maine. Virginia Surety designated plaintiffs, based in Nebraska, as its agents to broker the insurance policy. Plaintiff Applied Risk Services, Inc. is registered to sell insurance in Maine. Plaintiff Applied Underwriters, Inc. is the parent company. The parties negotiated the terms of the policy over the telephone, via facsimile, and through interstate mail. During all of the negotiations, the individuals negotiating on behalf of plaintiffs were located in San Francisco, California. Defendant's representatives were aware that they were contacting and corresponding with plaintiffs' representatives in California. The insurance was ultimately placed with Virginia Surety, now known as Combined Specialty Insurance Company. The policy was performed in Maine, where the insured's employees were located, or in Nebraska, where claims were processed and payments were received.

Plaintiffs initially filed suit in Nebraska and defendant successfully moved to dismiss the complaint for lack of personal jurisdiction.[2] Plaintiffs then refiled their action in the Northern District of California and defendant has again moved to dismiss for lack of personal jurisdiction.

The parties agree that California's long arm statute, California Code of Civil Procedure § 410.10, allows the

---

[2] Both plaintiffs and defendant have filed requests pursuant to Federal Rule of Evidence 201 to take judicial notice of facts contained in declarations filed in the initial suit before the United States District Court of Nebraska. Both requests are **GRANTED.**

2

# **TENTATIVE RULING**

exercise of personal jurisdiction on any basis provided under the federal constitution.  Plaintiffs contend that this court has specific jurisdiction over defendant.  In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  Roth v. Marquez, 942 F.2d 617, 620 – 21 (9th Cir. 1985).

"[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable to 'actions by the defendant *himself*' or conversely to the unilateral activity of another party."  Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir.1986) (quoting Burger King, 471 U.S. at 475, 105 S.Ct. At 2184) (emphasis in Burger King).  Here, defendant never reached out to California.  Instead, the Nebraska plaintiffs, at the request of an Illinois insurer, had their California representatives reach out to defendant in Maine.  Discussions over the telephone and the use of mail when contacting a forum state are insufficient, alone, to establish personal jurisdiction.  See Roth, 942 F.2d at 622.  Defendant's telephone conversations and correspondence with plaintiffs in California regarding insurance policies that would be performed in Maine and Nebraska do not amount to purposeful contacts with California such that defendant would "reasonably anticipate being haled into court [here]."  World-

# **TENTATIVE RULING**

Wide Volkswagen Corp. v. Woodson, 44 U.S. 286, 297 (1980).

That defendant entered into a contract with Combined Specialty through plaintiffs' representatives located in California does not establish sufficient minimum contacts in this forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 - 79 (1985). A "'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" Id. *quoting* Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 316 - 17 (1943). In a contract case, the sufficiency of minimum contacts is evaluated by examining the following factors: "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Burger King Corp., 471 U.S. at 479.

Plaintiffs contend that jurisdiction is appropriate because the parties had a continuing relationship that contemplated contractual performance in California. Although the terms of the contract were negotiated with people in California, the terms of the contract, the contemplated future consequences of the contract and the parties course of dealings do not support a finding of jurisdiction in this forum. See Burger King Corp., 471 U.S. at 479. Defendant contracted with plaintiffs to obtain worker's compensation insurance for its employees who were located in Maine. In the declaration of Todd Brown that plaintiffs filed before the District Court in Nebraska, plaintiffs admit that they issued

# TENTATIVE RULING

the insurance policies in Nebraska, defendant's payments were sent to Nebraska, the payments were processed in Nebraska, customer services questions were directed to plaintiffs' Nebraska office, claims were submitted to Nebraska, and claims checks were processed, issued and forwarded from plaintiffs' Nebraska office.  Nothing before me indicates that the contract for insurance was performed, or contemplated performance, in California.

Because I have found that defendant did not establish sufficient minimum contacts with California to constitute purposeful availment, I do not need to address the parties remaining arguments.  Defendant's motion to dismiss is **GRANTED** and plaintiffs' case is **DISMISSED**.

Dated: November 27, 2007

                              Bernard Zimmerman
                         United States Magistrate Judge

G:\BZALL\-BZCASES\Applied Underwiters v. Combined\Order Granting Motion to Dismiss.BZ VERSION.TENTATIVE RULE.wpd