UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC. a Nebraska Corporation, and APPLIED RISK SERVICES, INC., a Nebraska Corporation,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>COMBINED MANAGEMENT, INC., a Maine Corporation, et al.,<br><br>　　　　Defendant(s). | No. C07-5129 BZ<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

　　Plaintiffs are insurance brokers and agents that sued defendant, alleging that defendant failed to pay worker's compensation insurance premiums.[1]  Defendant is a human resources company based in Maine.  It contacted Virginia Surety Company, Inc., an Illinois based company, and inquired about purchasing worker's compensation insurance for its employees in Maine.  Virginia Surety designated plaintiffs,

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C § 636(c) for all proceedings, including entry of final judgment.

1

based in Nebraska, as its agents to broker the insurance policy. Plaintiff Applied Risk Services, Inc. is registered to sell insurance in Maine. Plaintiff Applied Underwriters, Inc. is the parent company. The parties negotiated the terms of the policy over the telephone, via facsimile, and through interstate mail. During all of the negotiations, the individuals negotiating on behalf of plaintiffs were located in San Francisco, California. Defendant's representatives were aware that they were contacting and corresponding with plaintiffs' representatives in California. The insurance was ultimately placed with Virginia Surety, now known as Combined Specialty Insurance Company. The policy was performed in Maine, where the insured's employees were located, or in Nebraska, where claims were processed and payments were received.

Plaintiffs initially filed suit in Nebraska and defendant successfully moved to dismiss the complaint for lack of personal jurisdiction.[2] Plaintiffs refiled their action in the Northern District of California and defendant has again moved to dismiss for lack of personal jurisdiction.

The parties agree that California's long arm statute, California Code of Civil Procedure § 410.10, allows the exercise of personal jurisdiction on any basis provided under the federal constitution. Plaintiffs contend that this court

---

[2] Both plaintiffs and defendant have filed requests pursuant to Federal Rule of Evidence 201 to take judicial notice of facts contained in declarations filed in the initial suit before the United States District Court of Nebraska. Both requests are **GRANTED.**

2

has specific jurisdiction over defendant.  In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  Roth v. Marquez, 942 F.2d 617, 620 – 21 (9th Cir. 1985).

"[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable to 'actions by the defendant *himself*' or conversely to the unilateral activity of another party."  Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir.1986) (quoting Burger King, 471 U.S. at 475, 105 S.Ct. At 2184) (emphasis in Burger King). Here, defendant did not reach out to California.  Instead, the Nebraska plaintiffs, at the request of an Illinois insurer, had their California representatives reach out to defendant in Maine.  Discussions over the telephone and the use of mail when contacting a forum state are insufficient, alone, to establish personal jurisdiction.  See Roth, 942 F.2d at 622. Defendant's telephone conversations and correspondence with plaintiffs in California regarding an insurance policy with an Illinois insurer that would be performed in Maine and Nebraska do not amount to purposeful contacts with California such that defendant would "reasonably anticipate being haled into court [here]."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

That defendant entered into a contract with Combined

3

1  Specialty through plaintiffs' representatives located in
2  California does not establish sufficient minimum contacts in
3  this forum.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462,
4  478 - 79 (1985).  A "'contract' is 'ordinarily but an
5  intermediate step serving to tie up prior business
6  negotiations with future consequences which themselves are the
7  real object of the business transaction.'" Id. *quoting*
8  Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 316 - 17
9  (1943).  In a contract case, the sufficiency of minimum
10 contacts is evaluated by examining the following factors:
11 "prior negotiations and contemplated future consequences,
12 along with the terms of the contract and the parties' actual
13 course of dealing."  Burger King Corp., 471 U.S. at 479.
14      Plaintiffs contend that jurisdiction is appropriate
15 because the parties had a continuing relationship that
16 contemplated contractual performance in California.
17 Although the terms of the contract were negotiated with people
18 in California, the terms of the contract, the contemplated
19 future consequences of the contract and the parties course of
20 dealings do not support a finding of jurisdiction in this
21 forum.  See Burger King Corp., 471 U.S. at 479.  Defendant
22 contracted with plaintiffs to obtain worker's compensation
23 insurance for its employees who were located in Maine.  In the
24 declaration of Todd Brown that plaintiffs filed before the
25 District Court in Nebraska, plaintiffs admit that they issued
26 the insurance policies in Nebraska, defendant's payments were
27 sent to Nebraska, the payments were processed in Nebraska,
28 customer services questions were directed to plaintiffs'

4

1  Nebraska office, claims were submitted to Nebraska, and claims
2  checks were processed, issued and forwarded from plaintiffs'
3  Nebraska office.  Nothing before me indicates that the
4  contract for insurance was performed, or contemplated
5  performance, in California.[3]

6  Because I have found that defendant did not establish
7  sufficient minimum contacts with California to constitute
8  purposeful availment, I do not need to address the parties
9  remaining arguments.  Defendant's motion to dismiss is **GRANTED**
10 and plaintiffs' case is **DISMISSED**.

11 Dated: December 5, 2007

12 _____
          Bernard Zimmerman
13        United States Magistrate Judge

G:\BZALL\-BZCASES\Applied Underwiters v. Combined\Order Granting Motion to Dismiss.BZ VERSION.wpd

---

[3] During oral argument, plaintiffs asserted that the nub of the dispute was defendant's purported breach of a profit sharing agreement with respect to premiums and that this agreement had significant California contacts.  Plaintiff also admitted that the profit sharing agreement is not part of the record.  Accordingly, the purported breach of this agreement is not properly before the court on this motion.